WILLIE NEAL, JR. *v.* STATE OF INDIANA.

[No. 1276S446.  Filed August 29, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Lawrence D. Giddings, Bobby Jay Small, David P. Freund,* Deputy Public Defenders, *Jerrilee P. Sutherlin,* Research Assistant, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of armed felony (robbery), Ind. Code § 35-12-1-1 (Burns 1975) and kidnapping, Ind. Code § 35-1-55-1 (Burns (1975). He was sentenced to fifteen years imprisonment upon the robbery charge and to imprisonment for life upon the kidnapping charge. His direct appeal to this Court presents two issues:

(1) Whether the evidence was sufficient to sustain the verdict upon the kidnapping charge.

(2) Whether the penalty of life imprisonment provided by the kidnapping statute is constitutionally permissible.

No issue is present with reference to the sufficiency of the evidence upon the robbery charge. For purposes of this review, it is conceded that the defendant accosted the prosecuting witness, as she entered her vehicle, robbed her and forced her at knife point and under threat of bodily harm to drive to another part of the city, where he ordered her to remove her clothing. Although she refused, the defendant relented and released her unharmed.

## ISSUE I

Defendant argues that the element of asportation, necessary to a conviction for kidnapping, was merely an aspect of the robbery and not a separate offense. He cites a number of cases from other jurisdictions holding that where the asportation was an integral part of another crime it had no other significance and did not constitute a separate crime of kidnapping. *People* v. *Williams,* (1970) 2 Cal.3d 894, 88 Cal. Rptr. 208; *People* v. *Henderson,* (1972) 25 Cal. App.3d 371, 101 Cal. Rptr. 129; *People* v. *Hempton,* (1972) 43 Mich. App. 618, 204 N.W.2d 684. However, we have held otherwise in this state. *Feller* v. *State,* (1976) 264 Ind. 541, 348 N.E.2d 8; *Sanders* v. *State,* (1976) 264 Ind. 688, 348 N.E.2d 642; *Wilson* v. *State,* (1970) 253 Ind. 585, 255 N.E.2d 817.

The defendant has also referred us to *Walker* v. *State*, (1974) 261 Ind. 519, 307 N.E.2d 62, wherein the appellant contended that his conviction for inflicting injury in the commission of a robbery could not stand, in view of the State's evidence disclosing that the robbery had been completed before the victim was ordered across the street to a vacant lot, where he was shot. In that case we said at page 523, "A robbery is seldom, if ever, accomplished by a single act. Rather a series of acts must transpire. We can no more say that it has been completed upon obtaining possession of the thing taken than we can say that it has not been commenced until that instant." At first blush it might appear that the holding supports the defendant's proposition. Upon closer analysis, however, it is apparent that it does not. While a series of acts must generally transpire to effect the commission of a given crime, the same series of acts may also effect two or more crimes. Although a crime usually involves a series of acts, each act in any given series is not necessarily an essential ingredient of the crime. It is only when two offenses require proof of the same fact or act that double jeopardy considerations bar a prosecution for both. Here, the asportation was not a necessary element of the robbery. Additionally, it appears that the robbery had, in fact, been completed when the defendant ordered the victim to drive away for an altogether different purpose.

## ISSUE II

Defendant acknowledges our prior pronouncements that it is a legislative function and not a judicial prerogative to fix penalties for crimes. *Loza* v. *State*, (1975) 263 Ind. 124, 325 N.E.2d 173, but he contends that the arbitrary dictates of the kidnapping statutes should be subject to judicial review in the instant case, pointing out that the victim was not harmed. Defendant also directs our attention to the recent legislative changes providing alternative sentencing provisions for varying culpability incidental to

kidnapping, indicating the Legislature's recognition of the merits of his argument. Such, however, does not alter our constitutional mandate. The statute under which the defendant was tried and found guilty is clear. It mandates a life sentence. We are not at liberty to set aside a conviction or sentence because, upon the record, it seems severe. *Hollars* v. *State,* (1972) 259 Ind. 229, 286 N.E.2d 166; *Blue* v. *State,* (1946) 224 Ind. 394, 67 N.E.2d 377; *Mellot* v. *State,* (1942) 219 Ind. 646, 40 N.E.2d 655.

This case, although differing in circumstances, is not unlike *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352, with reference to the harshness of a life sentence for kidnapping, although extenuating circumstances were apparent. We there said that the determination of appropriate penalties for crimes committed within this state is a function properly exercised by the Legislature and that we would not disturb such a determination except upon a showing of clear constitutional infirmity. We did not find such clear infirmity in *Vacendak,* and we do not find it here.

The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 650.