THOMAS DODSON *v.* STATE OF INDIANA.

[No. 1177S796. Filed October 10, 1978.]

*Stephen W. Dillon,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Richard Albert Alford,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Following a bench trial in the Miami Circuit Court on June 20, 1977, appellant Dodson was found guilty on one of three counts of Delivering a Schedule III Controlled Substance (phencyclidine). The court sentenced Dodson to twenty years imprisonment.

The record revals that Officers Ashenfelter and Rudolph of the Kokomo Police Department, Howard County, were working in conjunction with the Miami County Prosecutor's office in the field of illicit drug sales. Ashenfelter, working undercover, had arranged to buy a quantity of drugs from one Dan Frazier. Appellant, who was Frazier's supplier, gave Frazier the key to his residence so that Frazier might obtain the drugs ordered by Ashenfelter. Frazier procured the drugs and returned to his trailer in Miami County where the sale to Ashenfelter was to take place. Frazier was later arrested after receiving $500 from Ashenfelter in return for the drugs. Frazier informed the prosecutor and police that his supplier would be arriving at the trailer later in the evening. That night, appellant arrived at Frazier's where he met Ashenfelter who was introduced as the friend of Frazier's for whom the drugs were procured. Ashenfelter asked appellant if it were he who was owed the $500. Appellant responded in the affirmative. The officer then turned the money over to appellant and asked whether he could obtain larger amounts of drugs. Appellant stated that he could do so and quoted him prices. Appellant was then placed under arrest for delivering a controlled substance. The drug was later identified as being phencyclidine or PCP.

Appellant presents five issues for review concerning: (1) the denial of his Motions to Dismiss and Suppress; (2) the constitutionality of the Controlled Substances Act; (3) alleged misconduct by the trial judge; (4) the denial of his Motion

for Judgment on the Evidence and the sufficiency of the evidence, and; (5) whether the sentence imposed was. excessive.

## I.

Appellant first contends that the trial court erred in denying his Motions to Dismiss and Suppress. The basis for this contention is that the arresting officers, Ashenfelter and Rudolph, as officers of the Kokomo Police Department, were without authority to arrest appellant in Miami County. This argument is wholly without merit. Even if the officers were without statutory arrest powers as policemen, they retained power as citizens to make an arrest where they acted upon information which reasonably led them to believe a felony had been committed. *Smith* v. *State*, (1972) 258 Ind. 594, 597, 283 N.E.2d 365, 367. The appellant's Motions to Dismiss and Supress were thus properly denied.

## II.

Appellant's next contention is that the statute proscribing the sale and possession of phencyclidine is unconstitutionally vague. Phencyclidine is listed among the Schedule III controlled substances in. Ind. Code § 35-24.1-2-8 (c) (9) (Burns 1975). Appellant argues that since this statute states that if a substance contains "any quantity" of phencyclidine, it is in direct conflict with Ind. Code § 35-24.1-2-8 (f) (Burns 1975) which states:

> "The board shall except any compound, mixture, or preparation containing any stimulant or depressant substance listed in subsections (b), (c), and (d) if the compound, mixture or preparation contains one or more active medicinal ingredients not having a stimulant or depressant effect on the central nervous system, and if the admixtures are included therein in combinations, quantity, proportion, or concentration that vitiate the potential for abuse of the substances which have a stimulant or depressant effect on the central nervous system."

This alleged conflict, it is argued, renders the statute void

for vagueness. We disagree. Unlike appellant, we are unable to see any conflict in the statute. Ind. Code § 35-24.1-2-8 (c) states, "Unless specifically excepted . . . any material, compound, mixture, or preparation which contains any quantity of the following substances . . . phencyclidine." Subsection (f) of the same statute goes on to except phencyclidine and the other drugs listed in Schedule III if such drugs are found in combination with active medicinal ingredients which vitiate the noxious effects of the drugs which would be otherwise unlawful. We thus fail to see how the terms of this statute are so vague that men of common intelligence must necessarily guess at their meaning and differ as to their application. *Baggett* v. *Bullett*, (1964) 377 U.S. 360, 84 S.Ct. 316, 12 L.Ed.2d 377.

### III.

Appellant argues that the trial court erred by not *sua sponte* disqualifying himself for bias. In support of this contention appellant asserts that the trial judge, who had earlier presided in the case of Dan Frazier, should have disqualified himself for having knowledge of appellant's case independent of the evidence adduced at trial. Nowhere in the record does it appear that appellant moved for a change of venue from the judge nor does appellant demonstrate how he was prejudiced by the judge's earlier participation in the Frazier matter. Appellant also asserts that as his trial progressed, the trial judge made numerous remarks which, when taken together, constituted a "pattern of prejudice" against appellant. In carefully reviewing the transcript of the trial below we note that many of the remarks quoted in appellant's brief in support of this argument are taken out of context or are interpreted by appellant in a dubious manner. In any event, appellant never requested that a mistrial be declared after any of these allegedly prejudicial remarks. Unless there is fundamental error, a defendant cannot be allowed to gamble on the possibility of a favorable verdict by sitting idly by, making no objection to

matters he considers prejudicial, and then attempt to assert those matters as error after an unfavorable disposition of his case. *Blow* v. *State*, (1978) 267 Ind. 632, 372 N.E.2d 1166; *Stein* v. *State*, (1975) 166 Ind. App. 133, 334 N.E.2d 698, 700.

## IV.

Appellant next argues that there was insufficient evidence to support his conviction and that the trial court erred by denying his Motion for Judgment on the Evidence following the close of the state's case-in-chief. Appellant proceeded to present evidence in defense and thus any error in the denial of his motion was waived. *Downs* v. *State*, (1977) 267 Ind. 342, 369 N.E.2d 1079, 1081.

In determining the sufficiency of the evidence, we do not judge the credibility of witnesses nor weigh evidence. We look at only the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. A verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Mosley* v. *State*, (1977) 266 Ind. 675, 366 N.E.2d 648, 649. In regard to the sufficiency argument, it is appellant's contention that there was no evidence linking Dodson to the drugs sold to Ashenfelter other than the allegedly unreliable testimony of Dan Frazier. This argument merely invites us to judge the credibility of Frazier which we will not do. Appellant also argues that the evidence was insufficient in that there was no evidence that the substance sold was phencyclidine and that the evidence brought out at trial showed that appellant and Frazier believed they were dealing in THC rather than PCP. The record discloses that the substance seized from Frazier was identified by two State Police laboratory chemists as being phencyclidine. These chemists further testified that no other ingredient was found in the substance although a series of tests were run which would have disclosed their presence.

The fact that appellant erroneously referred to the substance as THC rather than PCP would not seem to be a fact favorable to appellant since he was charged with delivering PCP and the evidence at trial proved that, in fact, was the substance delivered. The evidence was thus sufficient to prove that appellant delivered phencyclidine to Officer Ashenfelter through appellant's agent, Frazier. *Shipp* v. *State,* (1976) 265 Ind. 108, 350 N.E.2d 619.

Finally, appellant contends that the sentence of twenty years imprisonment imposed by the trial court was excessive. The sentence was within the statutory limits and was imposed after the trial court had given full consideration to the presentence report. We are not at liberty to set aside a conviction and sentence because, on the record they seem severe. *Neal* v. *State,* (1977) 266 Ind. 665, 366 N.E.2d 650; *Hollars* v. *State,* (1972) 259 Ind. 229, 286 N.E.2d 166.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 381 N.E.2d 90.