Kenneth R. JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 680S163.

Supreme Court of Indiana.

Oct. 22, 1981.

Harriette Bailey Conn, Public Defender, Kurt A. Young, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with robbery and commission of injury in perpetration of robbery. Appellant raised the defense of insanity. The trial court found appellant to be sane at the time of the commission of the offense and sentenced him to thirty years imprisonment.

Appellant first claims the trial court committed fundamental error by placing the burden on appellant to establish by a preponderance of the evidence his defense of insanity in accordance with I.C. 35–41–4–1(b).

This Court has previously held that placing the burden of proof of insanity on the defendant is permissible under both the United States Constitution and the Indiana Constitution. *Price v. State*, (1980) Ind., 412 N.E.2d 783. The trial court did not err in following this procedure.

Appellant claims the evidence is insufficient to sustain his conviction because the victim did not suffer bodily injury within the meaning of I.C. 35–41–1–2. The record shows that appellant struck the victim in the face and jaw knocking her to the ground, it shows that she suffered injuries to her elbow and back. The victim was taken to the Elkhart General Hospital and was treated by a doctor in the emergency room. The record also shows she suffered great bodily pain. We therefore hold there is adequate evidence in the record to bring the appellant within the statute. The trial court did not err in finding the evidence sufficient to sustain a conviction.

Appellant further claims the verdict is not sustained by sufficient evidence concerning his sanity. He points out that the

testimony of one psychiatrist was "inherently incredible." Two psychiatrists were appointed by the court to interview appellant. One found appellant to be sane during the commission of the robbery. The other testified he believed appellant to be insane during the commission of the robbery. This Court will not weigh the evidence or judge the credibility of the witnesses. *Price v. State*, (1980) Ind., 412 N.E.2d 783, *supra*.

██ In addition we would point out there is a technical defect in the presentation by appellant on this question, in that, he assigns it as an insufficiency of evidence question. We stated in *Price, supra*, that the defendant having the burden of proving insanity by a preponderance of the evidence, an adverse decision may be questioned by an assignment that the decision is contrary to law. In any event, we see no reason to set aside the decision of the trial court.

██ Appellant claims the trial court erred in sentencing him to the presumptive thirty-year term. He claims the trial court failed to sufficiently consider his mental illness and improperly assessed mitigating factors. I.C. 35–50–1A–7(b) and (c) list mitigating and aggravating circumstances respectively that the trial court may consider. It is within the discretion of the trial court to increase or decrease the sentence according to aggravating or mitigating circumstances. *Logsdon v. State*, (1980) Ind., 413 N.E.2d 249; *McCawley v. State*, (1980) Ind., 409 N.E.2d 594. The trial court found appellant's emotional disturbance not to be serious enough to be a mitigating factor. The court further found that the offense was committed under circumstances equivalent to lying in wait, that the appellant constituted a substantial threat and that a reduction of the presumptive sentence would depreciate the seriousness of the crime. The trial judge recommended that the appellant be treated at Westville Correctional Facility for his emotional disturbance.

The sentence imposed was within the statutory limits. It is evident from his findings, the trial judge considered mitigating and aggravating factors. We will not set aside a sentence merely because it may seem severe. *Dodson v. State*, (1978) Ind., 381 N.E.2d 90. We find no abuse of discretion on the part of the trial court in the imposition of the sentence in this case.

The trial court is in all things affirmed.

All Justices concur.