Raymond Thomas **LACY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1181S317.

Supreme Court of Indiana.

Aug. 18, 1982.

M. Anne Wilcox, Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., for appellee.

GIVAN, Chief Justice.

Appellant was charged with armed robbery. He was found guilty by a jury and sentenced to fifteen (15) years imprisonment.

On the morning of August 7, 1978, Howard Foltz, owner of an Indianapolis liquor store, was present at the store to count the previous day's receipts and bank them. Upon leaving the store he directed an employee to follow him. As Foltz walked out the front door, appellant emerged from behind a car, pointed a shotgun at his head and demanded the leather portfolio in which he was carrying the money. Foltz handed over the portfolio and then was ordered by the gunman to cross the street. He did so and testified as he did he watched the gunman in order to be able to identify him later. He observed the gunman get into a car parked some distance away and flee with another man doing the driving.

The employee whom Foltz had directed to follow him, one Belinda Evans, came to the doorway as the robber jumped out at Foltz. She observed the robbery from inside the store and directed another employee to telephone police.

There were discrepancies in the descriptions of the robber as given by both Foltz and Evans immediately after the offense and at the time of the trial, and also in their descriptions of the events of the robbery itself. However, both witnesses viewed "mugbooks" at the Indianapolis Police Department immediately after the robbery and identified a photograph of appellant as that of the perpetrator of the crime. In January of 1981, Foltz picked appellant out of a line-up and identified him as the robber. Evans attended the line-up but was unable to identify anyone from the line-up. Foltz identified appellant at his trial as the robber while Evans was not asked if she could do so.

Appellant claims the trial court erred by not reading a final instruction to the jury on the elements of the offense of armed robbery. The record shows such an instruction was read as a preliminary instruction. However, when final instructions were read to the jury, this instruction was not reread nor was any other given on the elements of any offense. The record also shows appellant affirmatively waived a rereading of the preliminary instructions.

Appellant first argues the failure to read a final instruction on the elements of the offense is fundamental error. He cites *Screws v. United States*, (1945) 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, in support of this proposition. There the United States Supreme Court considered a case in which no instruction on intent was given at any stage of a civil rights case, and no objection to such failure was made at trial. The Court said:

"[W]here the error is so fundamental as to not submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it necessary to take note of it on our own motion. Even those guilty of the most henious offenses are entitled to a fair trial. Whatever the degree of guilt, those charged with a federal crime are entitled to be tried by the standards of guilt which Congress has prescribed." *Id.* at 107, 65 S.Ct. at 1038, 89 L.Ed. at 1506.

We are also mindful of our pronouncements regarding "fundamental error." In *Nelson v. State*, (1980) Ind., 409 N.E.2d 637, 638, we said: "To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively." *See also, Johnson v. State*, (1979) Ind., 390 N.E.2d 1005, 1010 ("[T]he error complained of must be such, that if not rectified, would deny the defendant 'fundamental due process.'"); *Young v. State*, (1967) 249 Ind. 286, 231 N.E.2d 797, 799 (fundamental error is one that "offends our concepts of criminal justice."); *Wilson v. State*, (1943) 222 Ind. 63, 83, 51 N.E.2d 848, 856 (fundamental error occurs when "so-called trial did not meet the requirements of due process of law . . . ."). Where an alleged error does not rise to the level of fundamental error, it is waived absent a contemporaneous objection. *Crosson v.*

*State*, (1980) Ind., 410 N.E.2d 1194; *Nelson, supra; Johnson, supra; Dodson v. State*, (1978) 269 Ind. 380, 381 N.E.2d 90.

■ Certainly appellant is correct in his assertion the giving of an instruction detailing the elements of the offense, or defining or explaining its nature is necessary procedure in a criminal trial. *See generally*, 23A C.J.S. *Criminal Law* § 1193, and cases there cited. Given the language of the United States Supreme Court in the *Screws* case as quoted above, we have no doubt a total failure to give an instruction detailing the elements of the offense would be available as reversible error on appeal absent compliance with the contemporaneous objection requirement. *See also, United States v. Noble*, (3rd Cir. 1946), 155 F.2d 315.

■ However, in the case at bar it is apparent there was not a total failure to give such an instruction, a fact repeatedly glossed over by appellant. As stated, the instruction on the elements of the offense was given as a preliminary instruction. Given this state of facts, we do not believe fundamental error occurred here. We see no reason why the order in which the jury hears the instructions and the evidence is of any importance in according due process to the defendant.

■ As the failure to give a final instruction on the elements of the offense is not fundamental error so long as a preliminary instruction on those elements is given, waiver occurs if there is a failure to object. *Crosson, supra; Nelson, supra; Johnson, supra; Dodson, supra.*

■ The record shows and appellant concedes no such objection was ever made until this appeal was brought; therefore, the argument is deemed waived. Moreover, we note the record shows appellant declined a specific offer by the trial judge to reread the preliminary instructions. This seems to us to be an attempt by appellant to now complain of error he invited the trial court to make. Error invited by the complaining party is not reversible error. *Moore v. State*, (1979) Ind., 393 N.E.2d 175; *Mat-*

*thews v. State*, (1958) 237 Ind. 677, 148 N.E.2d 334; *White v. State*, (1944) 222 Ind. 423, 54 N.E.2d 106.

■ Other points raised by appellant need not be addressed, due to our holding on the fundamental error issue, save one. Appellant argues the State by failing to tender an instruction on the elements of armed robbery, waives its right to have that issue presented to the jury. We see no merit to such a contention. Though an instruction on the elements of the offense of which the defendant is convicted is necessary at some point in the trial, we see no reason why such an instruction needs to be given due to the State's initiative. The trial court had *sua sponte* given such an instruction and thus protected the defendant's rights and assured the jury understood the law to be applied to the evidence adduced.

Appellant claims the evidence is insufficient to support the verdict. The element of the offense on which he claims the evidence is insufficient is the identification of him as the perpetrator of the crime.

■ On sufficiency of the evidence in question we do not reweigh the evidence nor judge the credibility of witnesses. *Sloan v. State*, (1980) Ind., 408 N.E.2d 1264; *Wofford v. State*, (1979) Ind., 394 N.E.2d 100.

In the case at bar appellant points to certain inconsistencies in the descriptions of the event as given by both Foltz and Evans. There were also differences, appellant claims, in the testimony of these two witnesses as to the robber's dress and physical appearance. Finally appellant contends some of Foltz's testimony as to the event is "inherently improbable," such as his testimony the robber wore a stocking cap but did not bother to try to conceal his face with it.

■ However, despite the presence of some inconsistencies in the testimony offered at trial, the fact remains shortly after the robbery Foltz picked appellant's picture out as that of the man who robbed him.

Almost two years later he picked appellant out of a line-up. At trial he identified appellant as the robber. This testimony was not of the equivocal nature as seen in *Lottie v. State*, (1974) 262 Ind. 124, 311 N.E.2d 800, a case cited by appellant in which we reversed a conviction because of inconsistence and equivocation in identification testimony. We also do not see the identification testimony here as tainted by equivocation and police coercion, as it was in *Gaddis v. State*, (1969) 253 Ind. 73, 251 N.E.2d 658. We hold the evidence is sufficient to support the jury finding appellant was the perpetrator of the crime.

We also note appellant's argument strikes directly at the credibility of a witness. We do not find the testimony to be of such inherent improbability or incredible dubiosity that we should forego the usual rule and substitute our judgment for that of the jury.

 Appellant claims the trial court erred in permitting the State to amend the information. Prior to trial the State moved to amend, but the motion was not acted upon until during the testimony of witness Evans. The change made was in the date of the offense which was changed from August 7, 1980 to August 7, 1978.

I.C. § 35–3.1–1–5(a)(9) and (c) [Burns 1979 Repl.] permits the prosecutor to amend the information if the defect is not material and the amendment "does not prejudice the substantial rights of the defendant." We have held: "A defect is material only if the prosecutor's amendment affects the availability of a defense or the applicability of evidence which existed under the original information." *Humphrey v. State*, (1978) 268 Ind. 597, 598, 377 N.E.2d 631, 632. We fail to see how appellant was deprived of any defense, or how the evidence under the original information became inapplicable, due to the amendment. Particularly we note appellant did not interpose an alibi defense, which we have recognized is the kind of situation which would make an amendment as to the date of the offense material by depriving the defendant of a defense. *See, Highsaw v. State*, (1978) 269 Ind. 458, 381 N.E.2d 470.

Moreover, the record belies any notion appellant was misled by the initially erroneous information. In a Motion for Continuance filed by the State, December 9, 1980, a copy of which was served on appellant, it was recited; "The date of the alleged offense is August 7, 1978." Further in a letter to the trial judge written January 29, 1981, appellant himself acknowledged he was aware the date of the alleged offense was August 7, 1978. Trial commenced February 5, 1981. Given this state of the record we do not see any prejudice to appellant's substantial rights. We hold there was no error in permitting the amendment.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.