Homer DENNEY, Jr., Appellant,
(Defendant Below),

v.

STATE of Indiana, Appellee,
(Plaintiff Below).

No. 33A04–8709–CR–271.

Court of Appeals of Indiana,
Third District.

June 27, 1988.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Homer Denney, Jr., appeals his conviction for burglary, a Class B felony. IND. CODE § 35–43–2–1 (1982 Ed.). The trial court entered judgment on the jury's verdict and sentenced Denney to a term of ten years. On appeal, Denney raises two issues:

(1) whether it was error to limit evidence of the victim's drug and alcohol use; and

(2) whether it was error to exclude the testimony of Dale Owens as a corroborating witness.

The evidence most favorable to the jury's verdict indicates that around 4:00 P.M. on June 4, 1986 the victim, Ron Brown, returned to his home in New Castle, Indiana. On arrival Brown noticed that his front window had been broken and that his front door was blocked. He also saw movement inside, so he hurried to the rear of the house. There he saw the defendant, Homer Denney, walking out the back door. Brown shouted, "Homer Denney, I caught you." Homer Denney ran away. Brown, fearing that others were still inside, left and called the police from his father's house. Further investigation revealed that the interior of the house had been ransacked, a television and furniture were damaged and some clothing was missing. Additional facts are presented as they become pertinent to the discussion of the issues that follows.

Denney's first issue relates to the trial court's exclusion of evidence regarding the victim, Brown. The State sought to exclude any evidence of Ron Brown's prior drug usage. At trial, and without the jury present, defense counsel conducted a voir dire examination of Brown, wherein Brown admitted that previously, at some unspecified time, he had been hospitalized for substance abuse; that when he returned home on June 4, he was returning from a drug treatment session; and that he quit taking illicit drugs at some point near the time of the burglary. Defense counsel also made an offer of proof that two other witnesses would testify that Brown told them of hallucinating about his television six months and one month before the burglary. The evidence also indicated that on the day of the burglary, and on the day of the trial, the only drugs Brown had taken were properly prescribed tranquilizers.

In excluding the evidence the trial court primarily relied on *McKim v. State* (1985), Ind., 476 N.E.2d 503. *McKim* holds that evidence of a witness's prior drug use is inadmissible as impeachment evidence proving the witness's bad character or untruthfulness. Such evidence is only relevant to the extent that it indicates that, because of drug use, the witness's ability to accurately recall the events on the date in question is impaired, or that the witness is unable to relate the facts at trial, or that

the drugs have significantly diminished the witness's mental capacity. A review of the evidence, in this case, demonstrates that the trial court's ruling was correct.

The evidence from the voir dire examination and the offer to prove does not demonstrate any diminished mental capacity, nor does the evidence cast any doubt on Brown's ability to remember and relate the facts of the burglary. In this context, Denney's reliance on *Lusher v. State* (1979), 181 Ind.App. 63, 390 N.E.2d 702 is misplaced. It is true that the present case and *Lusher* are superficially similar to the extent that in both cases a witness suffered from hallucinations; however, in *Lusher* the hallucinations were frequent, incapacitating and unpredictable. In the present case, the evidence only showed two isolated incidents. There was no showing of the cause for Brown's problem, nor was there any showing of a pattern of similar incidents which would cast doubt on his ability to perceive and remember. Thus the trial court did not err in excluding the evidence.

Denney's final issue regards the alleged exclusion of Dale Owens' testimony. Owens was called as a defense witness and apparently the primary purpose for calling him was as a corroborating witness. The final prosecution witness was the investigating police officer. The officer, in direct and on cross-examination, testified about a transcribed statement that Denney had made. In this statement Denney admitted that he was at the house when Brown came home, but he denied any involvement in the burglary. Instead he stated that he had been drinking with Dale Owens and another person for much of the afternoon. At the time Brown saw him, he said he was merely passing through the yard on his way to get his mother a soft drink at the store. During cross-examination of the officer the defense initially attempted to introduce the written statement, but withdrew the offer when the court ruled that if the statement was entered as substantive evidence, then Denney would be waiving his right to not testify and would be subject to cross-examination. It was in this context that Owens was called.

From the record it is apparent that the primary reason for calling Owens was to corroborate Denney's statement. The trial court excluded Owens' testimony on this ground because it would be improper to corroborate a statement that had never been introduced as substantive evidence. There is also some indication that Owens was intended to be an alibi witness. The trial court ruled the testimony improper for this purpose because the defense had not filed a notice of an alibi.

Initially it is clear that the trial court's rulings were technically correct. Denney's statement to the police was inadmissible as substantive evidence, if Denney was not subject to cross-examination. *See e.g. Shelton v. State* (1986), Ind., 490 N.E. 2d 738, 743. Also, IND.CODE § 35-36-4-1 *et seq.* (1982 Ed.) establishes the procedures to be followed before an alibi defense can be presented. While it is true that the statute is not intended to exclude evidence for purely technical errors, *Williams v. State* (1980), 273 Ind. 547, 406 N.E.2d 241, in this case the defense made no timely effort to comply with the statute, and no belated effort to rectify the failure. In this situation the court was justified in excluding alibi evidence. *See Dooley v. State* (1981), Ind. 428 N.E.2d 1. Moreover, the record reveals that the trial court offered to allow Owens to testify about his version of the facts, and the court permitted the defense to present Denney's version of the facts through other witnesses. Thus, while there was no error in excluding Owens' testimony, there was also no harm to the defense.

Finally, Denney argues that the court erred by refusing a tendered instruction directed towards the exclusion of Dale Owens. The instruction read:

"The State has the duty to produce all witnesses who would testify in support of the crime charged, and the failure to call such witnesses permits and supports

an inference that their testimony would have been unfavorable to the State."

This is a generally correct statement of the law, *see Goodloe v. State* (1967), 248 Ind. 411, 229 N.E.2d 626; however, this rule is generally limited to situations where the non-produced witness is not equally available to both sides. *Young v. State* (1974), 161 Ind.App. 532, 316 N.E.2d 435. Here, Denney has not alleged that Owens was unavailable to him, and, in fact, Owens was initially present at trial and the defense elected to not recall him. Accordingly, the instruction was not appropriate under the facts of the case. *Neaveill v. State* (1985), Ind.App., 474 N.E.2d 1045.

There being no error presented, and no other error argued, the trial court is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.