**Michael TAYLOR, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9208–CR–268.**

Court of Appeals of Indiana,
Fifth District.

May 26, 1993.

Transfer Denied July 14, 1993.

---

Jane Ruemmele, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

After a trial by jury, Michael R. Taylor was convicted of six counts of child molesting for which he received fourteen years' imprisonment, with six years suspended. Taylor presents five issues for our review which we consolidate and rephrase as:

1. Whether the defendant was denied the availability of a defense when the trial court permitted the State to amend a count of the charging information during the course of trial.
2. Whether the trial court erred in its instructions to the jury.
3. Whether the trial court erred in denying Taylor's motion to dismiss on Taylor's claim that certain counts of the charging information lacked specificity.
4. Whether the evidence was sufficient to support Taylor's conviction.

We affirm in part and reverse in part.

In August 1989, eleven-year-old A.C. befriended Mary Taylor and began visiting Mary's home on a regular basis. Mary lived with her stepmother, two sisters, a brother and her father Michael Taylor.

During one such visit Taylor fondled A.C.'s breasts over her clothing. On another visit, approximately one month later, Taylor placed his hand inside A.C.'s pants and attempted to insert his finger into her vagina. Nearly a year later in August

1990, A.C., Mary and Mary's four-year-old sister were visiting Taylor's auto shop. On that occasion Taylor removed A.C.'s pants, rubbed Vaseline on his penis, and engaged A.C. in sexual intercourse in the presence of Mary and her sister. Sometime after this incident A.C. was alone in the office area of Taylor's shop when Taylor lifted A.C.'s blouse and placed his mouth on her breasts. While Taylor was so engaged his teenage son Michael entered the office with his girlfriend Katie and witnessed Taylor's activities.

On another occasion Taylor permitted A.C. to drive his car to the store. After A.C. parked the car Taylor asked her to perform fellatio on him and A.C. complied. In March 1991, Taylor took A.C. to an office in his shop, locked the door, and placed his mouth on her breast. As a result of the foregoing activity Taylor was arrested for and charged with six counts of child molesting consisting of Count I, a Class B felony;[1] Counts II, III, and IV, Class C felonies;[2] and Counts V and VI, Class D felonies.[3] The matter proceeded to trial by jury.

During cross-examination of A.C., counsel for the defendant established that A.C. was enrolled in an elementary school in Florida from October 1990 until January 1991. At the conclusion of its case in chief, the State moved to amend Count V of the information. This count alleged an offense occurring between November 1, 1990 and November 22, 1990. Over Taylor's objection the information was amended to allege the offense occurred between September 1, 1990 and November 30, 1990.

Taylor was convicted on all counts. This appeal ensued.

## I.

Taylor first argues the trial court erred in allowing the State to amend Count V of the charging information. Taylor contends the amendment, which enlarged the time

within which the act charged in Count V allegedly occurred, prejudiced his substantial rights and amounts to reversible error. According to Taylor, his defense to the original information was in the nature of an alibi, namely: he could not have committed the offense because the alleged victim was not present in the state of Indiana at the time the alleged offense took place. Therefore, concludes Taylor, he was denied his substantial right to present this defense.

The State counters there is no error here because (a) the purpose of a charging information is to inform the court of the facts alleged and to furnish the accused with a description of the charge against him and (b) because time is not of the essence, the State must merely prove the offense occurred any time prior to filing of the information and within the statutory time limit.

In support of their respective positions both sides cite *Lacy v. State* (1982), Ind., 438 N.E.2d 968. In that case defendant Lacy was charged with and convicted of armed robbery. Prior to trial the State moved to amend the information, but the motion was not acted upon until during the testimony of one of the State's witnesses. At that time, the trial court permitted the information to be amended to show that the offense occurred on August 7, 1978; prior to the amendment, the information indicated the offense occurred on August 7, 1980. On appeal Lacy argued the trial court erred in permitting the State to amend the information. Citing to the predecessor of Ind.Code § 35–34–1–5(a)(9) and (c) our supreme court noted the statute permits the prosecutor to amend the information if the defect is not material and the amendment "does not prejudice the substantial rights of the defendant." *Lacy*, 438 N.E.2d at 972 *quoting* I.C. § 35–3.1–1–5(a)(9) and (c). The court held, "A defect is material only if the prosecutor's amendment affects the availability of a defense or the applicability of evidence which existed

---

**1.** Ind.Code § 35–41–5–1; Ind.Code § 35–42–4–3(a).

**2.** Ind.Code § 35–42–4–3(b) (Count II); Ind.Code § 35–42–4–3(c) (Counts III and IV).

**3.** Ind.Code § 35–42–4–3(d).

under the original information." *Id.* at 972 quoting *Humphrey v. State* (1978), 268 Ind. 597, 598, 377 N.E.2d 631, 632. In affirming Lacy's conviction the court indicated it failed to see how Lacy was deprived of a defense and specifically noted "appellant did not interpose an alibi defense, which we have recognized is the kind of situation which would make an amendment as to the date of the offense material by depriving the defendant of a defense." *Lacy,* 438 N.E.2d at 972.

Taylor argues he was deprived of a defense which was in the nature of an alibi and therefore *Lacy* requires reversal. The State counters that, as in *Lacy,* here the defendant did not interpose an alibi defense and therefore we should affirm the conviction. We agree with Taylor.

We do not read *Lacy* as standing for the proposition that interposing an alibi defense is the only situation under which an amendment as to the date of an information is material. Rather, the inquiry is whether the amendment affects the defendant's availability of a defense. Here, during the State's case in chief, counsel for Taylor, through cross-examination of A.C., established that A.C. was not present in the State of Indiana during the time alleged in Count V of the charging information. After the witness testified and the State rested, the State then sought to amend the information to conform with the witness' testimony. In arguing its position before the trial court, the deputy prosecutor indicated, "My only basis [for seeking an amendment to the information] is that it would more clearly reflect the testimony as it came in yesterday and today...." *Record* at 1441.

It is clear the State could have originally drafted the charging information alleging the offense occurred any time within the statute of limitations. *Vail v. State* (1989), Ind.App., 536 N.E.2d 302; *Hoehn v. State* (1984), Ind.App., 472 N.E.2d 926, *reh. denied; Merry v. State* (1975), 166 Ind. App. 199, 335 N.E.2d 249. It is equally clear that once the information was drafted, the State had the authority to amend it at any time, before, during or after trial.

I.C. § 35-34-1-5(a)(9); *Kahn v. State* (1986), Ind.App., 493 N.E.2d 790 *reh. denied, trans. denied.* However, in the latter instance an amendment is permissible only if it does not affect the availability of a defense or the applicability of evidence which existed under the original information. *Sharp v. State* (1989), Ind., 534 N.E.2d 708, *cert. denied,* (1990), 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617; *Lacy,* 438 N.E.2d at 972. Here the amendment deprived Taylor of his defense and was thus material. The trial court erred in permitting the State to amend Count V of the information. The conviction on that count is therefore reversed.

II.

Taylor next complains the trial court erred in giving Final Jury Instructions Nos. 22, 23 and 27. According to Taylor, Instruction Nos. 22 and 23, concerning the proposition that time is not of the essence in a child molestation case, represent an inaccurate statement of the law. Taylor argues Final Instruction No. 27, concerning lesser included offenses, is misleading. Because Taylor did not object at trial to the foregoing instructions nor tender his own instructions on the challenged issues any claim of error is waived. *Whittle v. State* (1989), Ind., 542 N.E.2d 981.

In his Reply Brief Taylor counters the claim is not waived because the error is fundamental. We disagree. We first observe that calling an error fundamental does not make it so. That is especially true where, as here, the refrain is not accompanied by cogent argument or citation to authority. Rather, in order to be fundamental, the error must be so prejudicial to the rights of the defendant that he could not have received a fair trial. *Howey v. State* (1990), Ind., 557 N.E.2d 1326. Fundamental error has also been characterized as error which constitutes a clear blatant violation of basic and elementary principles, and the resulting harm or potential for harm must be substantial. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, *reh. denied.*

We have carefully examined the challenged instructions and conclude they represent a correct statement of the law. Taylor has failed to demonstrate fundamental error.

### III.

Prior to trial Taylor filed a motion to dismiss Counts II, IV, V and VI of the charging information claiming the allegations contained therein failed to sufficiently apprise the defendant of the charges against him. The trial court denied the motion and Taylor now complains of error.

According to Taylor the information fails for lack of specificity because each count charged him with "performing or submitting to" acts of child molesting. Taylor maintains the use of the "broad disjunctive" fails to provide him with a concise description of the essential facts upon which the charges were based. *Appellant's Brief* at 26. Specifically, Taylor contends the information should have indicated whether he was being charged with "performing" or "submitting to" each referenced act. We disagree.

■ Indiana Code § 35–34–1–2(d) provides in relevant part that an indictment or information shall be "a plain, concise, and definite written statement of the essential facts constituting the offense charged". Where an information tracks the language of the statute it will usually withstand a motion to dismiss unless the statute defines the crime only in general terms. *Gebhard v. State* (1984), Ind.App., 459 N.E.2d 58.

■ In this case each count of the charging information tracks and mirrors the language of Ind.Code § 35–42–4–3, which defines the crime of child molestation. We also note the statute does not define the offense only in general terms. In essence and in relevant part Count II alleges Taylor did perform or submit to fondling or touching of A.C., a child under twelve years of age; Count IV alleges Taylor did perform or submit to deviant sexual conduct of A.C., a child under twelve years of age; Counts V and VI allege Taylor did perform or submit to fondling or touching A.C., a child at least twelve but under sixteen years of age.

The use of the disjunctive phrase "perform or submit to" does not render the information invalid for lack of specificity. The information properly informed Taylor that the State needed only to prove that Taylor either performed or submitted to the conduct charged to prove a conviction of child molesting. *See Davis v. State* (1985), Ind.App., 476 N.E.2d 127, *reh. denied, trans. denied* (use of the phrase "endangerment and/or abandonment" did not render an indictment void for lack of specificity for the crime of neglect of a dependent). Further, Taylor has not shown how the wording of the information hampered his ability to understand the nature of the charge or to prepare a defense. The trial court did not err in denying Taylor's motion to dismiss.

### IV.

Finally, Taylor argues the evidence is insufficient to support his convictions on Counts I and II, because the State failed to prove the victim's age.

■ In reviewing a claim of sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conviction, then it will not be set aside. *Fleming v. State* (1991), Ind., 579 N.E.2d 73.

■ A conviction can be sustained on the uncorroborated testimony of even one witness. *Olson v. State* (1990), Ind., 563 N.E.2d 565. This is true even if the witness on whose testimony the conviction is based is the victim. *McKinney v. State* (1990), Ind., 558 N.E.2d 829. Here, A.C. testified the incidents charged in Counts I and II happened soon after she befriended Mary Taylor and visited her home. Mary testified A.C. began visiting her home at the beginning of Mary's fifth grade year. The record shows Mary began fifth grade

in the fall of 1989. A.C. also testified her twelfth birthday occurred December 10, 1989. This evidence was sufficient for the jury to determine Taylor first began molesting A.C. when she was eleven-years-old. Taylor's argument to the contrary amounts to an invitation for this court to reweigh the evidence. We decline.

The conviction for child molesting as alleged in Count V of the information is reversed. In all other respects the judgment of the trial court is affirmed.

BARTEAU, J., concurs.

GARRARD, J., concurs in part and dissents in part with opinion.

GARRARD, Judge, concurring in part and dissenting in part.

I concur with the majority except for its reversal of Count V against Taylor, which it treats in issue I.

It seems to me that the core issue concerning Taylor's argument regarding Count V and the amendment to the information changing the date of the alleged offense properly concerns the impact of his failure to file any notice of alibi concerning that count.

IC 35–36–4–1 *et seq.* governs the procedure for asserting the defense of alibi. Failure to give the required notice has been held to justify exclusion of the alibi evidence. *Dooley v. State* (1981) Ind., 428 N.E.2d 1; *Denney v. State* (1988) Ind.App., 524 N.E.2d 1301. In *Baxter v. Duckworth* (N.D.Ind., 1989) 761 F.Supp. 576 the court found that thus enforcing the statute did not violate due process or a defendant's right to testify in his own behalf.

From this line of authority I conclude that Taylor's failure to assert an alibi defense waived his right to object to the amendment in question. That is to say that since he elected to forego making time of the essence concerning the allegations of count V, he may not now complain that the amendment prejudiced any substantial right to a fair trial.

I would also affirm the conviction on Count V.