Matthew S. MILLS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–9407–CR–282.

Court of Appeals of Indiana, Third District.

April 6, 1995.

Neil E. Holbrook, Goshen, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

A jury convicted Mills of Child Molesting, a Class C felony.

On appeal he contends the court erred in permitting the state to amend the charging information to conform to the evidence that the offense occurred in 1990 rather than in 1991. We do not agree. Time is not of the essence in this offense, so ordinarily an amendment of the date concerns only form and not substance. *Phillips v. State* (1986) Ind.App., 499 N.E.2d 803. It is therefore permissible at any time. IC 35–34–1–5(c).

Mills seeks to bring himself within the exception recognized in *Taylor v. State* (1993) Ind.App., 614 N.E.2d 944 (Garrard, J., dissenting) that such an amendment may be improper where it deprives the defendant of a defense. *Taylor* relied upon our supreme court's decision in *Lacy v. State* (1982) Ind., 438 N.E.2d 968. *Lacy* teaches that in the absence of a properly asserted alibi defense an amendment of the date of the alleged offense will usually be permissible as one merely of form. 438 N.E.2d at 972. It also reaffirms that error invited by the complaining party is not reversible error. 438 N.E.2d at 971.

The *Taylor* majority recognized that on the facts of a particular case, amending the date of the commission of the offense during trial could deprive the defendant of a defense if, in reliance on the charging information, he had already presented evidence which would tend to establish the defense. That is not the situation before us. Mills did not timely file an alibi defense. His defense was that he did not commit the offense and that his confession was not knowingly, voluntarily and intelligently given. Indeed, Mills' written admission to having had sex with the victim asserted the date as 1991 and invited the error. Furthermore, in opening statement the prosecutor advised the jury that he felt the evidence would show the crime occurred in 1990 rather than in 1991. We cannot say that Mills' defense was prejudiced by the amendment.

Mills also argues that the court committed reversible error by permitting the victim to testify to prior bad acts committed by Mills with her. We find any potential error was waived for two reasons. When the victim was asked about prior fondling committed by Mills, the only objection interposed was that it was not relevant. Such a general objection fails to preserve any error for appellate review. *Indianapolis T & T Co. v. Howard* (1920) 190 Ind. 97, 128 N.E. 35. Furthermore, the witness was permitted to testify to other events of molestation by Mills without any objection being interposed. We will not predicate the reversal of a conviction on the erroneous admission of evidence if other evidence of the same probative effect is admitted without objection. *Fozzard v. State* (1988) Ind., 518 N.E.2d 789, 792.

No reversible error has been demonstrated.

Affirmed.

HOFFMAN and SHARPNACK, JJ., concur.