Edward D. BROWN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48S00–9802–CR–82.

Supreme Court of Indiana.

May 26, 2000.

Mark Maynard, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

RUCKER, Justice

### Case Summary

After a trial by jury Edward Brown was convicted of two counts of child molesting as Class A felonies. He was also adjudged a habitual offender. In this direct appeal Brown raises two issues for our review which we rephrase as follows: (1) did the trial court err by admitting the deposition testimony of the two child witnesses, and (2) did the trial court err by allowing the State to amend the charging information at the close of its case in chief after Brown had moved for a directed verdict. We affirm.

### Facts

Brown is the great-uncle of J.F. and D.F. The record shows that several times during the summer and fall of 1996 Brown baby-sat the children in his home. They were then seven and five years of age respectively. On two occasions Brown ordered J.F. to perform fellatio on him and J.F. complied. On one occasion D.F. wit-

nessed the act. As a result of this conduct the State charged Brown with two counts of child molesting. The charging information alleged that the offenses occurred "on or between various dates in August, 1996." R. at 12. Brown was also charged as a habitual offender. During the guilt phase of trial Brown cross-examined J.F., pointing out inconsistencies between the child's trial and deposition testimony. In rebuttal the State sought to offer the entire deposition into evidence. Over Brown's objection the trial court admitted the deposition without redaction. D.F. also testified during the guilt phase of trial. Just before the close of its case in chief, the State sought to introduce portions of D.F.'s deposition into evidence. Over Brown's timeliness objection the trial court allowed its admission.

After the State rested its case, Brown moved for a directed verdict on grounds that the State introduced no evidence that the alleged offenses occurred in August 1996. The State then orally moved to amend the charging information to show that the offenses occurred on "various dates in 1996." R. at 260. The trial court granted the motion, the defense rested without presenting evidence, and the jury ultimately returned a verdict of guilty as charged. The trial court then reconvened the jury for the habitual offender phase of trial. Thereafter Brown was adjudged a habitual offender. The trial court sentenced Brown to consecutive fifty-year terms for each count of child molesting and enhanced one of the counts by thirty years for the habitual offender adjudication. This direct appeal followed.

## Discussion

### I.

■■■ Brown contends the trial court erred by admitting J.F.'s unredacted deposition over his objection because it contained matters that were immaterial, irrelevant, and prejudicial. Under the doctrine of completeness a party may place the remainder of a statement or document before the jury after the opposing party has introduced a portion of that statement or document into evidence. *Evans v. State,* 643 N.E.2d 877, 881 (Ind.1994) (ruling that a witness' statement to police as well as his deposition was admissible under the doctrine of completeness). This doctrine prevents a party from misleading the jury by presenting statements out of context. However, the remainder of the statement or document is subject to the general rules of admissibility and portions found to be immaterial, irrelevant, or prejudicial must be redacted. *Id.*

■■■ Before the trial court Brown did not move to redact the deposition, nor did he object to its introduction on grounds that it contained alleged immaterial, irrelevant, or prejudicial matters. Rather, Brown argued that because he did not introduce any portion of the deposition into evidence, the State was precluded from introducing any other portion of the deposition. R. at 170. He also argued that at most the State was only allowed to introduce those portions of the deposition that put the alleged impeaching testimony into context. *Id.*[1] A party may not object on one ground at trial and raise a different ground on appeal. *Malone v. State,* 700 N.E.2d 780, 784 (Ind.1998). This issue is waived for review. *Id.* Waiver notwithstanding, Brown still cannot prevail. In this appeal the only alleged improper matter Brown brings to our attention is that "[J.F.]'s deposition included a discussion of the fact that Brown was in jail." Brief of Appellant at 7. Brown neither elaborates on this assertion nor explains how he was harmed. Further, our review of the deposition shows that the "jail" reference had to do with whether J.F. understood why Brown was in trouble with the police and why J.F. was being questioned. The reference occurred in the context of the pres-

---

1. On this latter point the record shows that Brown referred to several different portions of the thirty-five-page deposition when cross-examining J.F. Thus, the State moved for introduction of the entire document.

ent offenses as opposed to some other misconduct.[2] Thus, we do not see how Brown was prejudiced by the introduction of the unredacted deposition. Assuming without deciding that the jail reference was irrelevant or immaterial, the context in which it was made convinces us that any error in failing to redact the reference was harmless.

■ Brown contends the trial court erred also by admitting the deposition of J.F. as well as portions of D.F.'s deposition because they were not offered timely. Citing Indiana Evidence Rule 106, Brown argues the State was required to offer the exhibits contemporaneously with his introduction of portions of the exhibits. The Rule provides "when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require *at that time* the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it." *Id.* (emphasis added). Seizing on the highlighted language Brown complains the State did not seek to introduce J.F.'s deposition until after the child left the witness stand and did not introduce portions of D.F.'s deposition until just before the close of the State's case in chief.

■ Modeled after Federal Rule 106, Indiana Evidence Rule 106 codifies the "completeness doctrine" discussed *infra.* Prior to our adoption of the Rules a misleading impression created by taking matters out of context could not be remedied on the spot. Rather, an opposing party was required to wait until her own presentation of the evidence. *See, e.g., Davis v. State,* 481 N.E.2d 387, 389 (Ind.1985); *Bass v. State,* 136 Ind. 165, 170, 36 N.E. 124, 125 (1894). Rule 106 changed the timing of the introduction of the remainder

of the document. Now a party may, but is not required to, introduce completeness evidence at an earlier stage of the trial. *See* 1 STEPHEN A. SALTZBURG ET AL, FEDERAL RULES OF EVIDENCE MANUAL 103–04 (7th ed.1998) ("[Federal] Rule 106 authorizes the introduction of completeness evidence during the initial presentation of the writing or recording, but does not *require* the adversary to introduce the material at that point.") (emphasis original); 1 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 106.05[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.2000) ("The opponent against whom a document or recording is offered has the right to wait and put the remainder in evidence on cross-examination or as part of his or her case. . . ."). In the case before us the State elected to introduce the deposition of J.F. and portions of the deposition of D.F. at a time other than Brown's initial presentation. Although the State could have introduced the exhibits earlier, it was not required to so. We find no error on this issue.

## II.

Brown next contends the court erred by allowing the State to amend the charging information at the close of its case in chief after Brown had moved for a directed verdict. According to Brown, he was "unfairly deprived of his opportunity to make his defense to the charges." Brief of Appellant at 9.

■ The court may permit the State to amend an indictment or information at any time before, during, or after the trial "in respect to any defect, imperfection, or omission in a form, which does not prejudice the substantial rights of the defendant." Indiana Code § 35–34–1–5(c). An amendment is one of form and not sub-

2. More specifically the record shows the following: in response to defense counsel's question of "do you know why [Brown] is in jail right now," J.F. responded, "Yes" . . . he "[d]id something wrong that he was not supposed to do." R. at 360 (Dep. at 19). Counsel then asked what Brown did, and J.F. responded by recounting the act for which Brown was presently on trial. Counsel replied "is that why he's in jail?" *Id.* J.F. answered, "Yes." *Id.*

stance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form. *McIntyre v. State*, 717 N.E.2d 114, 125 (Ind.1999). If the amendment does not affect any particular defense or change the positions of either of the parties, then it does not prejudice the defendant's substantial rights. *Sides v. State*, 693 N.E.2d 1310, 1313 (Ind.1998).

 To support his contention Brown cites *Taylor v. State*, 614 N.E.2d 944 (Ind. Ct.App.1993). In that case the Court of Appeals reversed one of six counts of child molesting finding error in the trial court permitting the State to amend the information at the close of trial. Distinguishing this court's opinion in *Lacy v. State*, 438 N.E.2d 968 (Ind.1982), the Court of Appeals concluded that interposing an alibi defense is not the only situation under which an amendment as to the date of an information is material. *Taylor*, 614 N.E.2d at 947. "Rather the inquiry is whether the amendment affects the defendant's availability of a defense." *Id.* In *Taylor*, the defendant established through cross-examination that the victim was not present in the State of Indiana during the time set forth in the charging information. *Id.* at 946. The Information alleged the offense occurred during a three-week period during the month of November 1990. *Id.* The State rested and then sought to amend the information to conform with the witness' testimony, namely that the offense occurred between September 1990 and November 1990. *Id.* In determining that the trial court erred in allowing the amendment the court noted:

> It is clear the State could have originally drafted the charging information alleging the offense occurred any time within the statute of limitations.... It is equally clear that once the information was drafted, the State had the authority to amend it at any time, before during or after trial.... However, in the latter instance an amendment is permissi-

ble only if it does not affect the availability of a defense or the applicability of evidence which existed under the original information.

*Id.* at 947 (internal citations omitted). *Taylor* is good law but it provides Brown no refuge. Brown defended the charges against him by questioning the victims' version of events, pointing out their inability to recall specific details, challenging their credibility by implying bias, and suggesting that their testimony was influenced by others. Unlike the defendant in *Taylor*, here the availability of Brown's defense and the applicability of the evidence under the original information was unaffected by the amendment. We conclude Brown's substantial rights were not affected. Accordingly the trial court did not err in allowing the State to amend the information.

### Conclusion

The trial court did not err by admitting the deposition testimony of the two child witnesses. Nor did the trial court err by allowing the State to amend the charging information. We therefore affirm the trial court's judgment.

Judgment affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.