## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ian O'Keefe
Chicago, Illinois

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James F. Gibbons, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 30, 2016

Court of Appeals Case No.
12A02-1511-CR-1990

Appeal from the Clinton Superior Court

The Honorable Justin H. Hunter, Judge

Trial Court Cause No.
12D01-1506-F6-569

**Najam, Judge.**

# Statement of the Case

James F. Gibbons, Jr. appeals his conviction for escape, as a Level 6 felony, following a jury trial. Gibbons presents three issues for our review:

1. Whether his conviction violates the prohibition against double jeopardy.

2. Whether the trial court abused its discretion when it admitted certain evidence over his objection.

3. Whether the State presented sufficient evidence to support his conviction.

We affirm.

# Facts and Procedural History

On May 23, 2015, following a conviction,[1] Gibbons became eligible to participate in a community transition program ("CTP"). On May 26, Gibbons signed an agreement to abide by the Clinton County Community Corrections Adult Home Detention Rules and Regulations ("the Agreement"). Under the Agreement, Gibbons was required to remain at home "at all times unless [he] had] prior permission from the home detention officer to be elsewhere," and he was to "provide verification of [his] whereabouts during time away from [his]

---

[1] The record on appeal is devoid of information regarding this prior conviction.

residence." State's Ex. 2. Further, Gibbons acknowledged that any violation of the law would result in a violation of the CTP program.

[4] Under the Agreement, Gibbons met with Brett Barton, his home detention officer, once per week to fill out his schedule for the week. The schedule listed all activities outside the range of his home monitor such as work, shopping, and doctor's appointments. On the Agreement, Gibbons listed his home detention residence as "314 N. 1st," which was the home of Lisa Smith, Gibbons' girlfriend. *Id.* In August 2013, Smith had obtained a "no contact" order against Gibbons, which was to remain "in effect during [Gibbons'] executed sentence and until probation has been terminated." State's Ex. 5. Thus, the no contact order was in effect at the time Gibbons signed the Agreement.

[5] In late May 2015, William Farr hired Gibbons to work as a "body technician." Tr. at 189. At some point, other employees reported to Farr that Gibbons was drinking alcoholic beverages on the job. And, on June 17, Gibbons was intoxicated when he arrived at work, and he was stumbling across the parking lot. Farr approached Gibbons and told him that he needed to straighten himself up as he was on house arrest, drinking on the job, and had not completed the work Farr had given him. Gibbons became belligerent and aggressive with Farr. As a result, Farr fired Gibbons and told him to leave the premises.

[6] On that date, Gibbons was supposed to be home from work by 6:00 p.m. But, at approximately 7:00 p.m., Deputy Sheriff Spencer Kingery of the Carroll County Sheriff's Office investigated an unwanted or unwelcome guest at a

Carroll County residence. Upon arriving, Kingery found Gibbons passed out in a Jeep near the garage of the residence. After speaking with the reporting party, Deputy Kingery returned to the vehicle and woke up the sleeping Gibbons. After Gibbons identified himself, Deputy Kingery arrested him.

On June 19, the State filed a notice of violation of terms of community corrections alleging that Gibbons had not returned to his residence after his employment was terminated and that he was arrested for operating a motor vehicle after forfeiture of license for life. On June 23, the State charged Gibbons with escape, as a Level 6 felony. And, on July 15, the trial court revoked Gibbons' CTP. Following trial on the escape charge on October 6-7, a jury found Gibbons guilty as charged, and the trial court entered judgment and sentenced him to twelve months of incarceration. This appeal ensued.

## Discussion and Decision

### Issue One: Double Jeopardy

Gibbons first contends that both his CTP violation and his escape conviction cannot stand under double jeopardy principles. The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. "[T]wo or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the

essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphases original).

[9] As the State correctly points out, there is no double jeopardy violation as alleged by Gibbons because he was only convicted of one crime, namely, escape. "Double jeopardy protection applies only to criminal proceedings, and revocation of community corrections placement proceedings are not criminal proceedings because violations must be proven only by a preponderance of the evidence." *McQueen v. State*, 862 N.E.2d 1237, 1243 (Ind. Ct. App. 2007). Gibbons' CTP violation was not a criminal violation. Rather, it was a violation of the Clinton County Community Corrections Adult Home Detention Rules and Regulations. Therefore, Gibbons' contention is without merit.

### Issue Two: Admission of Evidence

[10] Gibbons next contends that the trial court committed fundamental error when it admitted into evidence the no contact order and a sentencing order from an unrelated criminal case. However, as this court has routinely stated, merely calling an error fundamental does not make it so. *See, e.g.*, *Taylor v. State*, 614 N.E.2d 944, 947 (Ind. Ct. App. 1993), *trans. denied*. That is especially true where, as here, the refrain is not accompanied by cogent argument or citation to authority. *Id.* Rather, in order to be fundamental, the error must be so prejudicial to the rights of the defendant that he could not have received a fair trial. *Id.* We have also characterized fundamental error as error that constitutes a clear blatant violation of basic and elementary principles, and the resulting harm or potential for harm must be substantial. *Id.*

At trial, Gibbons objected to the State's proffer of the no contact order and sentencing order and alleged that they were inadmissible only because they were irrelevant. However, for the first time on appeal, Gibbons maintains that the trial court should have excluded those exhibits under Indiana Rules of Evidence 403 and 404(b). It is well settled that a party may not object on one ground at trial and seek reversal on appeal using a different ground. *Malone v. State*, 700 N.E.2d 780, 784 (Ind. 1998). Because Gibbons did not object to the proffered exhibits under either Evidence Rule 403 or 404(b) at trial, he has not preserved those issues for our review on appeal. And because his mere statement that the admission of that evidence constituted fundamental error is not supported by cogent argument or citation to relevant authority, we do not address the alleged fundamental error. *See Taylor*, 614 N.E.2d at 947.

### Issue Three:  Sufficiency of the Evidence

Finally, Gibbons contends that the State presented insufficient evidence to support his conviction.

> In reviewing sufficiency of evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (citations and internal quotation marks omitted).

[13] To prove that Gibbons committed escape, as a Level 6 felony, the State was required to prove that Gibbons knowingly or intentionally violated a home detention order. Ind. Code § 35-44.1-3-4(b) (2014). Gibbons' sole contention on appeal is that he did not knowingly or intentionally violate the home detention order because he had a good reason to be away from home in violation of the Agreement, namely, he was attempting to find storage for his tools. But Gibbons' contention amounts to a request that we reweigh the evidence, which we will not do.

[14] The State presented evidence that, under the Agreement signed by Gibbons, he was required to be home by 6:00 p.m. on June 17, 2015. Instead of going home, Gibbons became intoxicated and drove to a Carroll County residence, and the residents there telephoned the Sheriff's Department to complain about his presence. And Gibbons was arrested for operating a motor vehicle after forfeiture of license for life, which was a violation of the CTP. The State presented sufficient evidence to support Gibbons' conviction for escape.

[15] Affirmed.

Robb, J., and Crone, J., concur.