**In the Matter of Inezellen BALES.**

**No. 49S00–9112–DI–970.**

Supreme Court of Indiana.

Feb. 12, 1993.

Kevin P. McGoff, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

The Respondent, Inezellen Bales, and the Disciplinary Commission of the Indiana Supreme Court have entered into and now tender for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline" pursuant to Admission and Discipline Rule 23, Section 11(d). After a careful review, we find that the agreement should be accepted and approved.

The charges against this Respondent grew out of her representation of the estate of Dr. William J. Fitzgerald. Respondent drafted Dr. Fitzgerald's will in September of 1986. She and Dr. Fitzgerald had been friends for approximately 27 years, and she had provided legal services in connection with Dr. Fitzgerald's medical practice.

The will named the Respondent executrix and attorney for the estate and set out her compensation in both of these capacities. As executrix, she was to receive 7% of the gross estate and 1% of the income of the estate during the first year after death; as attorney, she was to receive 15% of the gross estate.

After Dr. Fitzgerald's death on September 20, 1989, the Respondent opened the estate in the Probate Division of the Marion County Superior Court. On September 22, 1989, and April 2, 1990, the Respondent advanced herself a total of $100,326.90 from the estate as partial payment of executrix and attorney fees pursuant to the provisions of the will but without court approval. Rule 1 of the *Rules of Practice and Procedure of the Marion Superior Court, Probate Division,* provided that no fees were to be paid out of any estate without prior written order of the Court.

On December 27, 1990, the Respondent filed a Final Accounting and Petition to Settle wherein she reported the advancement of fees to herself and stated that additional $50,852.24 of estate funds were to be disbursed to her as the balance due her pursuant to the will provisions.

In February of 1991, the Judge *Pro Tempore* in the case requested a hearing regarding the fees and indicated that he would approve $60,500 as the total attorney and executrix fees for the Fitzgerald Estate. The Respondent agreed to accept this amount for services rendered to the estate.

The agreed facts also indicate that in October of 1984, two years prior to the execution of Dr. Fitzgerald's will and five years prior to his death, the Respondent was made a joint tenant with rights of survivorship along with Dr. Fitzgerald of certain bank accounts and certificates of deposit. The Respondent became the sole owner of these funds which, at the time of the client's death, totalled $147,688.96. The source of the funds deposited in these accounts and certificates of deposit was the client and not the Respondent.

Our assessment of these findings is that Respondent engaged in conflict of interest which misconduct resulted is substantial benefits to herself. She undertook to represent a client when that representation was materially limited by her own interests, in violation of Rule 1.7(b) of the *Rules of Professional Conduct* and 5–101(A) of the preceding *Code of Professional Responsibility.* By withdrawing her fees from the estate without prior court approval, the Respondent knowingly disobeyed a rule of the court and so violated Rule 3.4(c) of the *Rules of Professional Conduct.* We also note that the Respondent has previously been disciplined by private reprimand.[1]

The Disciplinary Commission agrees with the Respondent that mitigating factors exist. This misconduct occurred within the context of a long standing friendship between the decedent and the Respondent, who is now 75 years of age. The terms of the will granted Respondent the power to pay testamentary compensation to herself without order of the court, a practice also allowed by statute, IC 29–1–15–2, but proscribed by the local rules of the trial court. Additionally, the parties note that the Respondent drafted the will prior to the adoption of Rule 1.8(c) of the *Rules of Professional Conduct* which rule more specifically proscribed the receipt of substantial testamentary gifts by the attorney who drafts the respective testamentary instrument. All of the heirs who were directly affected by the fee arrangements are aware of the reduction of Respondent's fees by the probate court and of these proceedings, and, nonetheless, all have expressed their satis-

---

1. *In the Matter of Inezellen Bales,* Case No. 49S00–8708–DI–758, "Order Approving Condi- tional Agreement and Imposing Private Reprimand," Indiana Supreme Court, June 24, 1988.

faction with Respondent's handling of the estate.

We are persuaded by these mitigating factors that the agreed discipline for the misconduct set out above, a public reprimand, is appropriate. Accordingly, the Respondent, Inezellen Bales, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.