FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

DISCIPLINARY COMMISSION

Duge Butler, Jr. Donald R. Lundberg, Executive Secretary

155 East Market Street Robert C. Shook, Staff Attorney

Indianapolis, IN 46204 115 West Washington Street, Ste. 1060

Indianapolis, IN  46204

_________________________________________________________________

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF )

)  Case No. 49S00-9705-DI-329

WILLIAM M. HAWKINS )

_________________________________________________________________

DISCIPLINARY ACTION

_________________________________________________________________

May 28, 1998

Per Curiam

The respondent and the Disciplinary Commission agree that the respondent violated the 
Rules of Professional Misconduct for Attorneys at Law
 and that he should be suspended from the practice of law for a period of ninety days for that misconduct.  This opinion sets forth the facts and circumstances of this case. 

The respondent was admitted to the bar of this state in 1971.  The respondent and the Commission agree that in August of 1994, a client retained him to represent her in two cases in which the client was charged with operating a motor vehicle while intoxicated.   She paid  him a total of $400 as a retainer for his representation.  On September 8, 1994, the respondent met his client for a hearing in the City-County Building in Indianapolis and obtained a continuance on her behalf.  Following the hearing, the respondent asked his client to go with him to his private law office to discuss the pending actions.  The client rode with the respondent to his office, where after arrival each consumed an alcoholic beverage.  Following the drinks, the respondent and his client engaged in sexual intercourse on a couch located in the respondent’s office.  Thereafter, the respondent drove his client back to her car at the City-County Building.  On September 30, 1994, at the suggestion of his attorney, the respondent filed a motion to withdraw his appearance on behalf of his client.  The court granted the motion that day. 

Indiana Professional Conduct Rule 1.7(b) provides, in relevant part: 

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person, or by the lawyer’s own interests, unless: 

(1) the lawyer reasonably believes the representation will not be adversely affected; and 

(2) the client consents after consultation.

By having sexual relations with his client, the respondent promoted and served his own interests and thereby threatened material limitation of his representation of her.   We therefore conclude that he violated Ind.Professional Conduct Rule 1.7(b). 

Professional Conduct Rule 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice.  By engaging in sexual intercourse with his client during the course of his representation of her, the respondent violated Prof.Cond.R. 8.4(d). 

The parties agree that the respondent should be suspended from the practice of law for a period of ninety days for his misconduct.   We find that the agreed sanction is acceptable. Lawyers who choose to engage in sexual relations with clients during the period of representation threaten damage to their ability effectively to represent the client.  Objective detachment, essential for clear and reasoned analysis of issues and independent legal judgment, may be lost.  
See Matter of Grimm
, 674 N.E.2d 551, 554 (Ind. 1996) (violation of Prof.Cond.R. 1.7(b) for lawyer to have sexual relations with divorce client).

It is, therefore, ordered that the respondent, William M. Hawkins, be suspended from the practice of law for a period of ninety (90) days, beginning July 1, 1998, at the conclusion of which he shall be automatically reinstated to the practice of law. 

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.