**Facts:** The respondent received a settlement check payable to a client, the respondent as her attorney, and the client's insurer, which had a subrogation lien on a portion of the proceeds. The client and the respondent endorsed the check and deposited it into the respondent's firm's account. The respondent was not authorized to endorse the check on behalf of the insurer (although he informed the Disciplinary Commission that he was) and failed for ten months to forward the amount in satisfaction of the subrogation lien to the insurer, after falsely advising the insurer that the settlement had been delayed.

**Violations:** By failing promptly to forward to the client's insurer portions of the settlement proceeds to which it was entitled, the respondent violated Ind. Professional Conduct Rule 1.15(b). By falsely informing the insurer that the settlement had been delayed and by representing to his bank that he was authorized to endorse the settlement check on behalf of the insurer, the respondent violated Prof. Cond.R. 4.1 which prohibits false statements to a third person in the course of a representation, and Prof.Cond.R. 8.4(c), which prohibits conduct involving dishonesty, fraud, deceit, and misrepresentation. By telling the Commission that he had authority to endorse the check for the insurer, the respondent violated Prof. Cond.R. 8.1(b).

**Discipline:** Suspension from the practice of law for a period of thirty (30) days, beginning December 18, 2000, with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

All Justices concur.

■

**In the Matter of Hugo A. BAMBERTH.**

**No. 46S00–0002–DI–113.**

Supreme Court of Indiana.

Nov. 8, 2000.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** While representing a client in a dissolution of her marriage, the respondent began a consensual sexual relationship with her. He completed the dissolution to her satisfaction, and continued the sexual relationship with her following the case.

**1158**

**Violations:** By having a consensual sexual relationship with a client during the pendency of the representation, the respondent engaged in an impermissible conflict of interest in violation of Ind.Professional Conduct Rule 1.7(b).

**Discipline:** Noting the presence of significant mitigating factors in this case, this Court approves the agreed discipline and ORDERS that the respondent be suspended from the practice of law for thirty (30) days, beginning December 17, 2000, with automatic reinstatement thereafter.

Costs of this proceeding are assessed against the respondent.

All Justices concur.