### In the Matter of James V. TSOUTSOURIS.

#### No. 64S00–9905–DI–311.

Supreme Court of Indiana.

June 12, 2001.

Kevin P. McGoff, Keifer & McGoff, Indianapolis, IN, Attorney for the Respondent.

Donald R. Lundberg, Executive Secretary, Fredrick L. Rice, Staff Attorney, Indianapolis, IN, Attorneys for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, James V. Tsoutsouris, engaged in a sexual relationship with his client while he was representing her in a dissolution matter. He claims such a relationship was not improper. Alternatively, he argues that even if it were, it merits only a private reprimand. We disagree and suspend him from the practice of law in Indiana for 30 days.

Having been admitted to the bar of this state in 1967, the respondent is subject to our disciplinary jurisdiction. A hearing officer was appointed to this case, and, after a hearing, tendered her report to this Court. The hearing officer determined the respondent violated Ind. Professional Conduct Rule 1.7(b) and 8.4(d) by engaging in a sexual relationship with a current client.[1]

The respondent, pursuant to Ind. Admission and Discipline Rule 23(15), has filed a *Petition for Review* of the hearing officer's report challenging the hearing officer's findings and recommendation as to sanction. Our review of disciplinary cases is *de novo* in nature, and we will review the entire record presented. *Matter of Cherry*, 715 N.E.2d 382 (Ind.1999). The hearing officer's findings receive emphasis due to the hearing officer's unique oppor-

---

1. Prof.Cond.R. 1.7(b) provides:

    A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

    (1) the lawyer reasonably believes the representation will not be adversely affected; and
    (2) the client consents after consultation....

    Prof.Cond.R. 8.4(d) prohibits attorneys from engaging in conduct prejudicial to the administration of justice.

tunity for direct observation of witnesses, but this Court reserves the right to make the ultimate determination. *Matter of Smith*, 572 N.E.2d 1280 (Ind.1991).

Within that review framework, we now find that a client hired the respondent in 1994 to represent her in a child support modification action filed by her first husband. The client paid the respondent a total fee of $350. While that child support matter was pending, the client also hired the respondent to represent her in a dissolution action against her second husband.

While the respondent was representing the client in the fall of 1994, the respondent and the client began dating and engaged in consensual sexual relations several times. The respondent did not inform the client how a sexual relationship between them might impact his professional duties to her or otherwise affect their attorney/client relationship.

The respondent ended the sexual relationship a few weeks after it began in 1994. The client hired the respondent for a third legal matter in 1996. In 1997, the client sought psychological treatment. One of the subjects discussed during that treatment was her personal relationship with the respondent three years earlier.

In his *Petition for Review*, the respondent contends his consensual sexual relationship with his client during his representation of her does not violate the *Rules of Professional Conduct*. He bases that argument on the lack of evidence establishing that his sexual relationship with the client impaired his ability to represent the client effectively. The respondent contends that a sexual relationship between attorney and client in Indiana is professional misconduct only when it affects the quality of the attorney's representation of the client. The respondent also suggests that Indiana law in 1994 was ambiguous with respect to the impropriety of sexual relations between attorney and client. Therefore, he argues a finding of misconduct would be inappropriate because he was unaware of his obligations to avoid sexual contact with his client at the time of such contact.

Rule 1.7(b) prohibits representation of a client if the representation "may be materially limited ... by the lawyer's own interests." Although the rule contains general exceptions in instances where the lawyer reasonably believes that the representation will not be adversely affected and the client consents after consultation[2] [*see* Prof.Cond.R. 1.7(b)(1) and (2) ], these exceptions will not generally avail when the "lawyer's own interests" at issue are those related to a lawyer/client sexual relationship. In effect, the respondent argues that sexual relationships between lawyers and clients ought to be authorized unless there is evidence of impaired representation. We decline to adopt that position.

Twenty-five years ago this Court suspended a lawyer for sexual misconduct with clients and warned of the professional conflicts such intimate associations create. *Matter of Wood*, 265 Ind. 616, 358 N.E.2d 128 (1976) (finding a violation of Rule 5–101(A) of the *Code of Professional Responsibility*—the predecessor to Rule 1.7(b) of the *Rules of Professional Conduct*.) In a subsequent case involving the same attorney accused of similar misconduct, this Court ruled that the intermeshing of a lawyer's professional duties with the law-

---

**2.** Although not necessary for our determination, we note that the respondent concedes that he did not inform the client of the possible impact that a sexual relationship could have on their professional relationship and obtain her consent to his continued representation after such consultation.

yer's personal sexual interests creates a situation where "the exercise of professional judgment on behalf of a client would be affected by personal interests" in violation of Rule 5–101(A). *Matter of Wood,* 489 N.E.2d 1189, 1190 (Ind.1986).

Six years after our second *Wood* decision, the American Bar Association issued an ethics opinion on the subject of sexual relationships between attorneys and clients. ABA Formal Ethics Opinion No. 92–364, *Sexual Relations with Client.* The ABA made it clear that attorneys should avoid sexual contact with their clients.[3] This position is further bolstered by the recent proposed revisions of the ABA *Model Rules of Professional Conduct* resulting from a three-year comprehensive study and evaluation by the ABA Commis-

sion on Evaluation of the Rules of Professional Conduct (commonly referred to as the "Ethics 2000" Commission). These revisions include a proposed new rule explicitly declaring that "A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced." Proposed Model Rule 1.8(j). The proposed rule is further supported by commentary reflecting important policy considerations.[4] The concerns articulated in both ABA Ethics Opinion No. 92–364 and Comment 17 to Proposed ABA Model Rule 1.8 reflect important policy considerations that are of concern to this Court.

In *Matter of Grimm,* 674 N.E.2d 551 (Ind.1996), this Court found an attorney's

---

**3.** While the ABA *Model Rules of Professional Conduct* do not explicitly prohibit a sexual relationship between an attorney and client, we note that such relationships have been unequivocally discouraged, as noted in ABA Ethics Opinion 92–364:

First, because of the dependence that so often characterizes the attorney-client relationship, there is a significant possibility that the sexual relationship will have resulted from the exploitation of the lawyer's dominant position and influence and, thus, breached the lawyer's fiduciary obligations to the client. Second, a sexual relationship with a client may affect the independence of the lawyer's judgment. Third, the lawyer's engaging in a sexual relationship with a client may create a prohibited conflict between the interests of the lawyer and those of the client. Fourth, a non-professional, yet emotionally charged, relationship between attorney and client may result in confidences being imparted in circumstances where the attorney-client privilege is not available, yet would have been, absent the personal relationship.

We believe the better practice is to avoid all sexual contact with clients during the representation.

**4.** Proposed Comment 17 to Rule 1.8 states:

The relationship between lawyer and client is a fiduciary one in which the lawyer occupies the highest position of trust and

confidence. The relationship is almost always unequal; thus, a sexual relationship between lawyer and client can involve unfair exploitation of the lawyer's fiduciary role, in violation of the lawyer's basic ethical obligation not to use the trust of the client to the client's disadvantage. In addition, such a relationship presents a significant danger that, because of the lawyer's emotional involvement, the lawyer will be unable to represent the client without impairment of the exercise of independent professional judgment. Moreover, a blurred line between the professional and personal relationships may make it difficult to predict to what extent client confidences will be protected by the attorney-client evidentiary privilege, since client confidences are protected by privilege only when they are imparted in the context of the client-lawyer relationship. Because of the significant danger of harm to client interests and because the client's own emotional involvement renders it unlikely that the client could give adequate informed consent, this Rule prohibits the lawyer from having sexual relations with a client regardless of whether the relationship is consensual and regardless of the absence of prejudice to the client.

"sexual relationship with his client during the pendency of dissolution and post-dissolution matters materially limited his representation of her," thereby violating Prof. Cond.R. 1.7(b). *Grimm*, 674 N.E.2d at 554. We explained:

In their professional capacity, lawyers are expected to provide emotionally detached, objective analysis of legal problems and issues for clients who may be embroiled in sensitive or difficult matters. Clients, especially those who are troubled or emotionally fragile, often place a great deal of trust in the lawyer and rely heavily on his or her agreement to provide professional assistance. Unfortunately, the lawyer's position of trust may provide opportunity to manipulate the client for the lawyer's sexual benefit. Where a lawyer permits or encourages a sexual relationship to form with a client, that trust is betrayed and the stage is set for continued unfair exploitation of the lawyer's fiduciary position. Additionally, the lawyer's ability to represent effectively the client may be impaired. Objective detachment, essential for clear and reasoned analysis of issues and independent professional judgment, may be lost.

*Id.*, 674 N.E.2d at 554.

*Grimm* is one of several cases decided under the *Rules of Professional Conduct* in which this Court has held that consensual sexual relationships with clients constitute professional misconduct. In *Matter of Hawkins*, 695 N.E.2d 109 (Ind.1998), we found a violation of Rule 1.7(b) and held that, by "having sexual relations with his client, the respondent promoted and served his own interests and thereby threatened material limitation of his representation of her." *See also Matter of Bamberth*, 737 N.E.2d 1157 (Ind.2000) ("By having a consensual sexual relationship with a client during the pendency of the representation, the respondent engaged in an impermissible conflict of interest in violation of Ind. Professional Conduct Rule 1.7(b)").

■ We hold that the respondent violated Prof.Cond.R. 1.7(b) and prejudiced the administration of justice in violation of Prof.Cond.R. 8.4(d).

■ Given our finding of misconduct, we must determine an appropriate sanction. In doing so, we consider the misconduct, the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Mears*, 723 N.E.2d 873 (Ind.2000). As a mitigating factor only, we find no evidence that the respondent's sexual relationship with his client actually impaired his representation of her. In fact, the client hired the respondent to handle another legal matter for her after the sexual relationship ended but before disciplinary charges were filed against the respondent. Moreover, the respondent has not been disciplined previously during his 33 years of practicing law. Given these mitigating factors, we conclude a 30–day suspension from the practice of law is warranted. *See, e.g., Matter of Bamberth*, 737 N.E.2d 1157 (Ind. 2000) (30–day suspension where attorney engaged in sexual relationship with client while representing her in a divorce).

It is, therefore, ordered that the respondent is hereby suspended from the practice of law in Indiana for thirty days, effective July 23, 2001, at the conclusion of which he shall be reinstated automatically.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk

of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.