**In the Matter of Paul J. PACIOR.**

**No. 29S00–0103–DI–171.**

Supreme Court of Indiana.

June 17, 2002.

Kevin P. McGoff, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Because he made romantic advances toward a client in one instance, and deceptively advertised "free initial consultation" in another, we find today that the respondent here, Paul J. Pacior, violated the *Rules of Professional Conduct for Attorneys at Law* and that he should be admonished for such conduct.

This attorney disciplinary matter is before us now upon the Disciplinary Commission's and the respondent's *Statement of Circumstances and Conditional Agreement for Discipline,* tendered to us in anticipated resolution of the formal disciplinary charges pending against the respondent. The respondent is a Hamilton County attorney who was admitted to the Indiana bar in 1987.

■ Pursuant to the charges which comprise Count I of the verified complaint, the Commission and the respondent agree that while the respondent represented the wife in a dissolution and a petition for bankruptcy, the respondent expressed a romantic interest in her by sending her various notes and cards. He personally manifested his romantic interest in her during appointments she had with him in his law office. Three times he hugged and kissed her during the pendency of the dissolution and bankruptcy. We find that the respondent violated Ind.Professional Conduct Rule 1.7(b) by continuing to represent the client after expressing and promoting his personal and romantic interest in her.[1] He also violated Prof.Cond.R. 8.4(d) because his acts were prejudicial to the administration of justice.[2]

■ Under Count II, the parties agree that a woman, after noticing the respondent's yellow pages advertisement offering a "free appointment" and a "free initial consultation," contacted the respondent in contemplation of obtaining an emergency protective order. She paid a $300 retainer to the respondent and scheduled an initial appointment for September 12, 2000. At the conclusion of their meeting, the respondent mailed his fee agreement for the representation to the woman. Several days later, she contacted the respondent's office, advised that she was "terminating" the respondent's representation of her, and requested a refund of the $300 she had paid. The next day, the woman received a refund check from the respondent for $100, along with a written explanation of services which provided that the respondent was charging the woman $150 for the initial consultation and an additional $50 for legal services provided the day of the consultation.

By advertising a free initial consultation and free appointment and later charging the woman for their initial meeting, the respondent made a misleading and deceptive public statement in violation of Prof. Cond.R. 7.1(b).[3]

■ The agreement before us contains a list of purported "mitigating factors," including the respondent's lack of any prior disciplinary complaints, his service as a public defender in Hamilton County, his acceptance of responsibility for the actions leading to the Commission's charges, and his remorse for taking those actions. We note that in a past instance of false or misleading advertising, this Court imposed a public admonishment that was a product of an agreed resolution. *Matter of Huelskamp*, 740 N.E.2d 846 (Ind.2000) (misleading advertisement containing improper testimonials). Similarly, conflicts of interest have also warranted reprimand. *See*

---

**1.** Professional Conduct Rule 1.7(b) provides:

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

**2.** Professional Conduct Rule 8.4(d) provides:

It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice;

**3.** Professional Conduct Rule 7.1(b) provides:

A lawyer shall not, on behalf of himself, his partner or associate or any other lawyer affiliated with him or his firm, use, or participate in the use of, any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

*Matter of Bales*, 608 N.E.2d 987 (Ind. 1993).[4] In this case, we credit our acceptance of a rather lenient suggested sanction to the fact that we favor agreed resolutions of disciplinary charges and in light of the mitigating factors which the Commission has endorsed.

It is, therefore, ordered that the respondent, Paul J. Pacior, is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and the hearing officer in this matter, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this State, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

4. In the case at bar, it was the respondent's expression of personal and romantic interest in the client that led to the respondent's conflict of interest. Had that expression been manifested in more strenuous fashion, the appropriate discipline would have been more severe. *See, e.g., Matter of Tsoutsouris,* 748 N.E.2d 856 (Ind.2001) (30 day suspension for sexual contact with client).