**In the Matter of Richard M. BASH.**

**No. 48S00–0404–DI–188.**

Supreme Court of Indiana.

Aug. 23, 2004.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count I of the verified complaint underlying this action, the parties agree that a client hired the respondent to represent her in connection with visitation issues arising from her impending move out of state with a child the subject of a visitation order. The respondent filed a notice of intent to move and included a request for an emergency hearing, alleging sexual misconduct by the father warranting a suspension of visitation. After considering affidavits by the parties, the court issued an order denying suspension of visitation. Upon learning of the court's decision, the respondent left a message at opposing counsel's office stating he had advised his client to not permit visitation. The respondent also called the judge and stated that his client would not comply with the order. The judge advised the respondent that the call constituted an unauthorized *ex parte* communication and suggested that opposing counsel be included in the call. The respondent declined and the call was terminated.

In Count II, the parties agree that the non-custodial parent in a ten-year-old paternity matter hired the respondent to obtain custody of the child. The respondent filed a verified motion for emergency modification of custody, but failed to serve a copy on the custodial parent. The custodial parent learned of the filing and hearing from the noncustodial parent. After hearing, while the judge held the issue under advisement, the respondent learned from the judge that he was going to recommend a change of custody. The respondent thereafter notified the custodial parent that the court had granted temporary custody to his client and requested arrangements for the transfer of custody. Based on the respondent's representation, the custodial parent transferred custody to the respondent's client. The next day, when the custodial parent was unable to obtain a copy of the order changing custody (because it did not yet exist), the custodial parent retrieved custody of the child from the respondent's client. Later that day, when the order granting the transfer of custody was signed, the respondent again contacted the custodial parent and demanded transfer of custody.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.2(d), which prohibits a lawyer from counseling a client to engage, or assist a client, in conduct the lawyer knows is criminal or fraudulent; Prof.Cond.R. 3.5(b), which prohibits a lawyer from engaging in *ex parte* communication with a judge except as permitted by law; Prof.Cond.R. 4.1(b), prohibits a lawyer from knowingly failing to disclose that which is required by law to be revealed; and Prof.Cond.R. 4.4, which prohibits a lawyer, in representing a client, from using means that have no substantial purpose other than to embarrass, delay, or burden of third person, or use methods of obtaining evidence that violate the legal rights of such person.

**Discipline:** Public reprimand.

This Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, but so approves the relatively lenient sanction in light of its interest in fostering agreed resolution of attorney disciplinary matters. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis Disc.R. 23(3)(d).

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent, believing that a public reprimand is unacceptably lenient for a lawyer's intentional defiance of a court order and a judicial officer.