In the Matter of Gregory D.
TOTH, Respondent.

No. 71S00–0603–DI–120.

Supreme Court of Indiana.

Jan. 14, 2008.

*ORDER FINDING MISCONDUCT
AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In July 2002, Respondent was engaged by a client to represent her in a divorce action initiated by her husband. From the outset until the client informed Respondent more than a year later that she was terminating his representation, Respondent repeatedly failed to communicate with his client, failed to answer or return her phone calls, failed to follow-up on discovery requests made to the husband, and otherwise failed to advance his client's interests in the dissolution case. Respondent has a prior disciplinary suspension. *See In re Toth,* 737 N.E.2d 1157 (Ind.2000).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failing to act with reasonable diligence and promptness in representing a client.

1.4(a): Failing to keep a client reasonably informed or respond to reasonable requests for information from a client.

1.4(b): Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation.

**Discipline:** For this professional misconduct, the Court suspends Respondent from the practice of law **for a period of 60 days, beginning February 25, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.