RESPONDENT
Richard M. Bash, *pro se*

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 48S00-0603-DI-89

IN THE MATTER OF:

RICHARD M. BASH,

*Respondent.*

Attorney Discipline Action

February 6, 2008

Per Curiam.


This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." We find that Respondent, Richard M. Bash, engaged in attorney misconduct by failure to provide competent legal services to one client and attempted sexual misconduct with another client.

The Respondent's 2000 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For his misconduct, we find that Respondent should be suspended from the practice of law in this state for at least 180 days without automatic reinstatement.

## Background

The Commission filed a one-count verified complaint on March 13, 2006, alleging failure to provide competent legal services in a post-conviction relief ("PCR") proceeding, and Judge John W. Forcum of the Blackford Superior Court was appointed as hearing officer. On March 9, 2007, the Commission filed an emergency petition for interim suspension ("Emergency Petition") under a new cause number, 48S00-0703-DI-99, alleging attempted sexual misconduct with a client. On May 30, 2007, the Commission filed an amended complaint in the current case ("Verified Complaint"), adding a second count based on the allegations of the Emergency Petition.

Because of factual disputes, the Court referred the Emergency Petition to Judge Forcum for hearing. The hearing officer heard all allegations of both cases together, and on August 30, 2007, he filed his report with respect to both cases ("Report"). After briefing by the parties, the Court denied the Emergency Petition on October 5, 2007. The hearing officer made the following findings with respect to the Verified Complaint, and neither party filed a petition for review of these findings. "When, as here, neither the Commission nor the respondent challenge the findings of the hearing officer, we accept and adopt those findings but reserve final judgment as to misconduct and sanction." In re Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

Count 1. A criminal defendant was convicted of confinement, battery with a deadly weapon, and possession of a controlled substance arising from an attack on his girlfriend. He was sentenced to 18 years in prison on the confinement charge and to lesser terms on the other charges. Trial counsel raised and preserved the issue of the sufficiency of the evidence to support the confinement conviction. Appellate counsel, however, did not raise this issue on appeal, and the confinement conviction was upheld on appeal.

The defendant filed a *pro se* PCR petition, alleging ineffective assistance of trial and appellate counsel. The defendant's mother paid Respondent $1,500 to represent her son at his PCR hearing. Respondent entered an appearance on the defendant's behalf and filed an amended

post-conviction relief petition. The amended petition raised only one issue: whether there was adequate proof of confinement to sustain a conviction for criminal confinement. Respondent did not assert ineffective assistance of appellate counsel. In support of the petition, Respondent argued only that the state's main witness lacked credibility. At the hearing, however, Respondent presented no evidence to attack the credibility of this witness. He called only two witnesses—his client and the client's mother. He did not call appellate counsel to testify or make a showing that appellate counsel was ineffective for failing to attack the confinement conviction on sufficiency grounds. He offered no evidence that was not available at the time of trial. He did not offer the trial transcript into evidence. Additionally, his brief to the court offered conclusions and findings for which no evidentiary foundation was laid. The trial court denied the PCR petition.

The client later sent Respondent a letter, complaining about his failure to introduce the trial transcript, accusing him of malpractice, and demanding a refund of his mother's $1,500. Respondent replied, defending his actions and refusing to refund the payment. At the final hearing before the Commission, Respondent still believed he acted in his client's best interests under the circumstances. The hearing officer concluded Respondent failed to provide the client with competent services, in violation of Indiana Professional Conduct Rule 1.1

Count 2. When a client met with Respondent to discuss a divorce from her husband, Respondent made two attempts to kiss her, which she rebuffed. After this meeting, Respondent filed a divorce action on behalf of the client. When the client subsequently notified Respondent that she did not wish to proceed with the divorce, Respondent attempted to talk her into proceeding with it. He filed a motion to dismiss the divorce action on February 9, 2007, and later that day he sent the client several unsolicited sexually explicit emails. After Commission filed its Emergency Petition, Respondent filed an objection denying he had attempted to kiss the client at their meeting. He admitted sending sexually explicit emails to the client, but he stated he did this only after she implored him to do so because she was lonely and it would make her feel like a woman.

The hearing officer found the client's "testimonial denial of any such request clear and convincing." (Report at 18.) Moreover, the hearing officer stated "the sending of such e-mails to a client would have been grossly inappropriate conduct for any attorney, even were it true that

3

the client made such a request." (Id.) The hearing officer concluded Respondent had violated Professional Conduct Rules 1.8(j) and 8.4(a) by attempting to have an improper sexual relationship with a client, Rule 1.7(a)(2) by representing a client when the representation would be materially limited by the attorney's own self-interest, and Rule 1.16(a)(1) by failing to withdraw from representation when the representation will result in violation of the Rules of Professional Conduct or other law.

Prior misconduct. For his misconduct in two child custody proceedings, Respondent was issued a public reprimand for violating Professional Conduct Rule 1.2(d) for counseling a client to engage, or assisting a client, in conduct that is fraudulent or criminal; Rule 3.5(b) for engaging in *ex parte* communication with a judge; Rule 4.1(b) for knowingly failing to disclose that which is required by law to be revealed; and Rule 4.4 for using means while representing a client that have no substantial purpose other than to embarrass, delay, or burden third persons, or using methods that violate the rights of that person. *See* In re Bash, 813 N.E.2d 777 (Ind. 2004) (with Shepard, C.J. and Dickson, J. dissenting, believing the sanction was too lenient).

## Discussion

Count 1. Professional Conduct Rule 1.1 requires an attorney to provide competent services to clients. Respondent failed to do so in representing the client in Count 1 in seeking post-conviction relief. This apparently was not because of neglect, but because of his lack of understanding of fundamental requirements for obtaining post-conviction relief. As a result, his client may have lost a potentially meritorious challenge to his confinement conviction. *See* Wethington v. State, 560 N.E.2d 496, 508 (Ind.1990) (where acts to establish element of one charge are coextensive with acts alleged as constituting criminal confinement, convictions on both counts cannot stand). At the time of the hearing before the hearing officer, Respondent still believed he had provided competent services to the client, but stated he was truly sorry *if* mistakes were made. The Court agrees with the hearing officer that Respondent violated Professional Conduct Rule 1.1 by failing to provide the client with competent services.

4

Count 2. Even though the hearing officer found no evidence of a pattern of aberrant behavior, Respondent's conduct toward his client is markedly disturbing and violative of his fiduciary duty to her. Respondent's response to the Emergency Petition contains dubious and unnecessarily explicit details of his client's personal life. Moreover, Respondent has demonstrated a willingness to lie under oath about his misconduct and to compound the distress he caused his client by attempting to shift the blame to her.

Professional Conduct Rule 1.8(j), which explicitly prohibits having a sexual relationship with a client (unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced), was added to the rules effective January 1, 2005. Even before this amendment, however, this Court had clearly held that such relationships, and attempts at such relationships, violate a lawyer's ethical duties to his or her client. *See, e.g.*, In re Pacior, 770 N.E.2d 273, 274 (Ind. 2002).

Although the client thwarted Respondent's attempt to engage in a sexual relationship with her, Respondent's attempt itself was a breach of Rule 8.4(a), which prohibits attempting to violate the Rules of Professional Conduct. In addition, Respondent violated Rule 1.7(a)(2) by representing the client when the representation would be materially limited by the attorney's own self-interest, i.e., his desire to engage in a sexual relationship with her. Respondent also violated Rule 1.16(a)(1) by failing to withdraw from representing her when the continued representation resulted in violation of the Rules of Professional Conduct.

We note the hearing officer found Respondent seemed to believe he was not constrained by the Rules of Professional Conduct when he sent the emails because he had filed the motion to dismiss her divorce action before sending them. At this point, Respondent was still the client's attorney of record in the divorce action. Clearly the attorney-client relationship remained intact at the time Respondent sent the emails to the client.

5

## **Conclusion**

For this professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than 180 days, beginning March 21, 2008. Respondent shall not undertake any new legal matters between notice of this suspension and its effective date, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

To be reinstated, Respondent must prove to the Commission by clear and convincing evidence, among other things, that his attitude towards his misconduct is one of genuine remorse, that he has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself in conformity with such standards, and that he can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent.

All Justices concur, except Boehm, J., who did not participate in this case.