**Rogelio MEDINA, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–0408–CR–373.**

Court of Appeals of Indiana.

June 2, 2005.

Stephen Bower, Cohen & Thiros, P.C., Merrillville, IN, Stephen M. Komie, Komie & Associates, Chicago, IL, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Rogelio Medina ("Medina") was convicted in Lake County Superior Court of Class A felony child molesting[1]. Medina appeals, raising the following restated and consolidated issues for review:

I. Whether the trial court committed reversible error when it omitted a material element from Medina's jury instructions;

II. Whether the trial court abused its discretion when it excluded various items of evidence proffered by Medina;

III. Whether the trial court committed judicial misconduct when it communicated with a magistrate concerning an evidentiary ruling; and,

IV. Whether Medina's sentence is appropriate.

Concluding Medina has failed to establish his right to appellate relief, we affirm.

### Facts and Procedural History

Between January 11, 2000 and September 16, 2001, A.L., who was roughly nine years old, lived with her mother in East Chicago. During this period, A.L. spent the night with her grandmother and stepgrandfather, Medina, on several occasions.

Medina sexually molested A.L. at least five times during this period. On one

---

1. Ind.Code § 35–42–4–3 (2004).

occasion, A.L. was playing with her dolls in Medina's basement when Medina began to play pornographic videotape, removed A.L.'s clothing, and inserted his tongue into A.L.'s vagina. When A.L. told Medina to stop, Medina told A.L. that she would like it and that she should not tell anyone or he would go to jail. On other occasions, Medina would rub A.L. beneath her clothing and digitally penetrate her vagina. Medina also forced A.L. to put his penis inside her mouth.

In January of 2003, A.L. reported Medina's actions to her mother, and A.L.'s mother contacted the police. On January 21, 2003, the State charged Medina with Class A felony child molesting. The State's charging information read:

> Willie Williams, upon oath, says that between September 16, 2000 and September 16, 2001, in the County of Lake, State of Indiana, Rogelio Medina a person at least twenty-one (21) years of age did perform or submit to deviate sexual conduct with [A.L.], a child under fourteen (14) years of age, contrary to IC 35–42–4–3 and against the peace and dignity of the State of Indiana.

Appellant's App. p. 14.

On May 6, 2003, the State amended its charging information to read:

> Affiant, upon oath, says that between January 1, 2000 and September 16, 2001, in the County of Lake, State of Indiana, Rogelio Medina, a person at least twenty-one (21) years of age, did *knowingly or intentionally* perform or submit to deviate sexual conduct with [A.L.], a child under fourteen (14) years of age, contrary to IC 35–42–4–3, and against the peace and dignity of the State of Indiana.

Appellant's App. p. 32 (emphasis added).

On February 13, 2004, the State again moved to amend its charging information by omitting "knowingly or intentionally" and adding a Class C felony child molesting count. Appellant's App. p. 52. The State's motion was denied as untimely on March 1, 2004.

On March 22, 2004, Medina filed a supplemental answer to the State's discovery order and included an edited videotape of Medina and A.L. together at various family functions, eight photographs, and a t-shirt that allegedly had the pre-printed statement of "I love you" on it. Appellant's App. p. 55. The State moved to exclude this evidence in a March 22, 2004 evidentiary hearing, which was conducted by Magistrate Kathleen A. Sullivan ("Magistrate Sullivan").

After this hearing, Magistrate Sullivan issued the following order:

> The photos will be allowed, if the writings on the back are redacted, and if a sufficient foundation can be laid. The videotape is incomplete, and has been altered to include placards depicting the dates of the events taped, which constitutes hearsay. Additionally, the evidence is impermissible character evidence. Therefore, the video tape is inadmissible. The t-shirt also contains hearsay, and is inadmissible.

Appellant's App. p. 56.

The State then moved to amend its charging information by redacting "knowingly or intentionally." Medina objected to this amendment solely on the basis of tardiness. Tr. p. 11. The State's motion was granted over Medina's objection.

Medina's jury trial began on March 24, 2004, with Judge Salvador Vasquez ("Judge Vasquez") sitting as judge. At the start of proceedings, Medina filed a motion to reconsider Magistrate Sullivan's order excluding the videotape and t-shirt. During argument, Judge Vasquez noted that he had discussed the evidentiary rul-

ings at issue with Magistrate Sullivan before taking the bench. Tr. pp. 59–60. Judge Vasquez denied Medina's Motion to Correct Error and reversed Magistrate Sullivan's previous decision to admit Medina's photographs. Tr. pp. 101–02.

After Medina and the State finished presenting evidence, instructions were read to the jury. Jury instruction number one recited the State's amended charging information, which did not include "knowingly or intentionally." Tr. p. 79.

Jury instruction number four stated in part:

Before you may convict the defendant of Child Molesting, a Class A felony, the state must have proved each of the following elements:

The defendant:

(1) Performed or submitted to deviate sexual conduct with [A.L.];

(2) When the child, [A.L.], was under fourteen (14) years of age, and;

(3) The defendant was at least twenty-one (21) years of age at the time.

Tr. p. 82. This instruction, as with any of the other instructions, did not indicate the State must prove Medina acted with a particular mens rea. Appellant's App. pp. 79–95. Medina did not object to the instruction's absence of a mens rea. Tr. pp. 340–49.

On March 25, 2004, Medina was convicted of Class A felony child molesting. On June 21, 2004, the trial court sentenced Medina to the Department of Correction for twenty-seven years, three years below the presumptive sentence for a Class A felony. *See* Ind.Code § 35–50–2–4 (2004).

While sentencing Medina, the trial court found the following mitigating factors: (1) Medina has no prior criminal history; (2) Medina's age of sixty-nine suggests he would not fare well in prison; and (3) Medina has strong community support.

The trial court then stated, "[t]he court finds nothing in aggravation but the nature and circumstance of the offense preclude further mitigation below the twenty-seven years imposed." Appellant's App. p. 118. Medina now appeals.

## I. The Mens Rea of Child Molestation

■ Medina contends it was reversible error for the trial court's jury instruction to exclude the mens rea requirement from Class A felony child molestation. We review the trial court's instruction of the jury for an abuse of discretion. *Kelly v. State,* 813 N.E.2d 1179, 1185 (Ind.Ct.App.2004), *trans. denied.*

### A. The Mens Rea of Child Molestation

■ The State contends the trial court did not err because there is no mens rea requirement for a child molestation conviction. Br. of Appellee at 6. We disagree. The culpability required for a child molestation conviction is "knowingly or intentionally." *C.L.Y. v. State,* 816 N.E.2d 894, 905 (Ind.Ct.App.2004), *trans. denied* (citing *Louallen v. State,* 778 N.E.2d 794, 794 (Ind.2002)); *see also State v. Keihn,* 542 N.E.2d 963, 967–68 (Ind.1989) (where the legislature fails to specify a level of mental culpability with respect to an offense, a level of mental culpability of knowingly will be presumed to be required); *Kien v. State,* 782 N.E.2d 398, 410 (Ind.Ct.App. 2003), *trans. denied; Clark v. State,* 728 N.E.2d 880, 885 (Ind.Ct.App.2000); *Cardwell v. State,* 516 N.E.2d 1083, 1086 (Ind. Ct.App.1987), *trans. denied* (regardless of the fact that there is no specific mention of a mens rea in the relevant portion of the child molestation statute, mens rea is an element of child molestation); *Mullins v. State,* 486 N.E.2d 623, 625 (Ind.Ct.App. 1985), *overruled on other grounds by Ludy v. State,* 784 N.E.2d 459, 462 n. 2 (Ind. 2003); *Newton v. State,* 456 N.E.2d 736, 739 n. 1 (Ind.Ct.App.1983).

Against this common law background, the instruction at issue was erroneous. We, therefore, consider the effect of that error.

### B. *Federal Harmless Error*

██ The federal harmless error rule announced by *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), applies to the failure to submit a mandatory element to the jury. *Neder v. United States*, 527 U.S. 1, 4, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *see also Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). In concluding that the failure to submit the element in question was harmless, *Neder* stated "[r]eversal without any consideration of the effect of the error upon the verdict would send the case back for retrial—a retrial not focused at all on the issue of [the excluded element], but on contested issues on which the jury was properly instructed." *Neder*, 527 U.S. at 15, 119 S.Ct. 1827. The same can be said of the exclusion of mens rea in the case at bar. Were we to remand this case, Medina would not challenge his mens rea on re-

mand but would again deny the commission of the acts underlying his offense.

Quite simply, it is impossible for one to accidentally commit the acts committed by Medina. Because of this impossibility, there can be no doubt that Medina was not prejudiced by the erroneous instruction and remanding the case for retrial would merely allow Medina to present the same defense that was already rejected by a jury.[2]

We believe the strongest caution should be exercised when applying harmless error analysis to the omission of an element of the offense. However, because it can be said beyond *any* doubt that the failure to submit a mens rea instruction to Medina's jury was harmless, reversal is unwarranted.[3]

The trial court's failure to give a mens rea jury instruction is harmless beyond a reasonable doubt.[4]

### II. The Admission of Evidence

██ The decision to exclude evidence will not be reversed absent a showing of a manifest abuse of discretion resulting in the denial of a fair trial. *Allen v. State*,

2. Because Medina's defense did not put his mens rea into question, it is tempting to dismiss his claim as harmless without further analysis. But, it should come as no surprise that Medina did not contest his mens rea, as a defendant cannot be expected to present a defense to an unlisted element. When applying *Neder*, it is not enough to ask whether the defendant's defense challenged the element in question. Rather, analysis should focus on whether the defendant could have conceivably challenged the element given a fair opportunity. *See Neder*, 527 U.S. at 19, 119 S.Ct. 1827 (characterizing the test as applicable "where a defendant did not, *and apparently could not,* bring forth facts contesting the omitted element") (emphasis added).

3. Medina does not raise a claim under the Indiana Constitution, and we express no opinion as to the applicability of the Indiana Con-

stitution to this issue. As such, we are bound by United States Supreme Court precedent. Also, while mindful of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its holding concerning the propriety of judicial fact-finding, Justice Scalia's dissent in *Neder* specifically noted the importance of a specific objection to preserve the petitioner's jury right on an excluded element. *Neder*, 527 U.S. at 39, 119 S.Ct. 1827. Medina failed to make a specific objection concerning the instruction at issue.

4. Although no Indiana case has previously applied *Neder* to the failure to instruct a jury on an element of the offense, we believe the application of *Neder* to this case is within the "spirit" of this court's holding in *Mullins*, 486 N.E.2d at 625–26, and our supreme court's holding in *Snider v. State*, 468 N.E.2d 1037, 1039–40 (Ind.1984).

813 N.E.2d 349, 361 (Ind.Ct.App.2004), *trans. denied.* Generally, errors in the exclusion of evidence are to be disregarded as harmless unless they affect the substantial rights of a party. *Id.* In determining whether an evidentiary error affected a party's substantial rights, the court must assess the probable impact of the evidence upon the jury. *Id.*

■ Medina claims the trial court erred by excluding the videotape, pictures, and t-shirt because such evidence indicates that there was a "loving relationship" between Medina and A.L. and it could be used to impeach A.L.'s assertion that there was not such a relationship between the parties. Br. of Appellant at 15.

Medina's claim of error fails for a number of reasons. Most importantly, Medina does not direct us to evidence indicating that impeachment of A.L. would have been proper, and our independent review of the record has discovered no such evidence. Rather, A.L. specifically stated that, before the abuse, she liked spending time with Medina, trusted Medina, and loved Medina. Tr. pp. 122–23. It can hardly be said that the trial court abused its discretion by not admitting Medina's evidence for impeachment purposes.

Medina also fails to establish how a "loving relationship" would be relevant to his defense. It is not as if such a relationship diminishes the possibility of sexual abuse. If anything, such a relationship would facilitate a predator's ability to gain the victim's trust for purposes of abuse. Furthermore, the prosecutor's statement of "I

don't know when [the pictures] were taken" is well founded. Tr. p. 71. If the evidence in question was produced before Medina's actions, the evidence is hardly probative.

The trial court did not abuse its discretion when it excluded Medina's evidence.

### III. Judicial Misconduct

■ Judge Vasquez noted that he spoke to Magistrate Sullivan about the above-discussed evidentiary issues. Tr. pp. 59–60. Medina claims Judge Vasquez' discussion constitutes judicial misconduct because a presiding judge must not consider ex parte communications. Br. of Appellant at 20 (citing Ind.Code of Judicial Conduct 3(B)(8)).

However, Indiana Code of Judicial Conduct Rule 3(B)(8)(c) states that a judge may consult with 1) court personnel and others whose function is to aid the judge in carrying out the adjudicative responsibilities or 2) other judges. *See also* Ind.Code § 33–23–5–9(a) (a magistrate shall report findings in an evidentiary hearing to the court).

Moreover, Medina fails to demonstrate he was prejudiced by the communication. As discussed in the previous section of this opinion, the trial court made the correct evidentiary ruling. Medina was not deprived of a ruling he was otherwise entitled to as a result of Judge Vasquez' communication.[5]

### IV. The Inappropriate Standard

■ Appellate courts have the constitutional authority to revise a sentence if,

---

5. Medina also contends it was improper for Judge Vasquez to reverse Magistrate's Sullivan's evidentiary ruling. Medina concedes that a ruling on a motion in limine is not a real ruling because such evidence may nonetheless be admitted or excluded at trial, and Medina does not offer case law on point with his specific contention. Br. of Appellant at 21–22. Moreover, Medina's motion to correct error requested Judge Vasquez to reverse Magistrate Sullivan's exclusion of evidence; Medina fails to assert why it would be proper for the trial court to reverse the magistrate's ruling on his claim of error yet improper to do so for the State's claim of error. Finally, our conclusion that Judge Vasquez' exclusion of Medina's evidence was proper negates any prejudice from the reversal.

after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B); *see also Asher v. State,* 790 N.E.2d 567, 570 (Ind.Ct.App. 2003).

Medina first asserts that the trial court did not accord his age proper weight in mitigating his sentence. Br. of Appellant at 24. A trial court has the discretion to take into account that a defendant's age would make a prison sentence more severe. However, such a characteristic does not automatically entitle the offender to the minimum sentence.

Medina was in a position of trust with his step granddaughter and, repeatedly, violated that trust in a particularly odious manner. Medina's actions are capable of supporting a sentence much longer than the sentence he received. As such, we will not revise Medina's sentence pursuant to Appellate Rule 7(B).

### Conclusion

Medina has failed to establish his right to appellate relief.

Affirmed.

BAILEY, J., and SULLIVAN, J., concur.