**Rogelio MEDINA, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0408–CR–373.

Court of Appeals of Indiana.

Aug. 23, 2005.

Stephen Bower, Cohen & Thiros, P.C., Merrillville, IN, Stephen Komie, Komie & Associates, Chicago, IL, for Appellant.

Steve Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION ON REHEARING

MATHIAS, Judge.

On June 2, 2005, this court issued *Medina v. State*, 828 N.E.2d 427 (Ind.Ct.App.

---

2005). On July 5, 2005, Medina filed a petition for rehearing, asserting that this court erroneously relied upon *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). We grant Medina's petition solely to address Medina's claim, and otherwise affirm our original holding.

■ Medina claims that, in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *Neder's* holding that the failure to submit an element to the jury is subject to federal harmless error may be short-lived. Pet. for Reh'g at 5–7. Medina also notes that a recent opinion from this court, *Freeze v. State*, 827 N.E.2d 600 (Ind.Ct.App.2005), is inconsistent with our holding because *Freeze* notes that *Neder's* holding might be short-lived in light of *Blakely*.

We completely agree with *Freeze's* characterization of the future viability of *Neder* and were well aware of this concern when we issued our opinion.[1] However, our doubts as to *Neder's* future viability do not lessen the fact that *Neder* remains controlling, current precedent. More important however, is Medina's failure to render a specific objection to the instruction at issue. Justice Scalia's indication that a specific objection is required strongly suggests that the case at bar will not be the case to challenge *Neder's* viability. *See* Tr. p. 11; *Neder*, 527 U.S. at 39, 119 S.Ct. 1827.

■ Medina also claims the failure to instruct the jury as to the mens rea of Class A felony child molesting was not harmless, because he could have been "rough housing" with A.L. and the jury's conclusion that he penetrated A.L.'s vagina could have been the result of an accident. Had Medina been convicted of the Class C felony variant of child molesting, which does not require proof of penetration, his argument might have merit. *See* Ind.Code § 35–42–4–3(b) (2004).

■ Medina also claims this court denied him his right of assistance of appellate counsel and an opportunity to respond to this issue by raising this argument sua sponte. As this Petition for Rehearing demonstrates, Medina received and took advantage of his opportunity to respond to the contention that the instruction was harmless. Moreover, anytime an appellant makes a claim of error, that appellant should be prepared to assert that the error contributed to his verdict or had some other negative effect on his rights.[2]

Subject to this clarification, we affirm our initial holding.[3]

BAILEY, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

The majority opinion upon rehearing acknowledges that the future viability of *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) might be questioned in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The majority holds, however, that "*Neder* remains controlling, current precedent." Op. at 1143.

In this regard it may be noted that in our basic opinion of June 2, 2005, we ap-

---

1. In fact, this concern was the reason for footnote 3, found on page 431 of the opinion.

2. Medina notes this court "must" waive an issue not addressed by the State. Pet. for Reh'g at 3 (citing *State v. Friedel*, 714 N.E.2d 1231, 1243 (Ind.Ct.App.1999)). However, *Friedel* does not indicate a court "must" waive such an issue and *actually addressed the* issue subject to waiver. *See Friedel*, 714 N.E.2d at 1243.

3. Medina also claims the trial court erred in refusing to allow him to present evidence of a "loving relationship" between him and A.L. Pet. for Reh'g at 7–9. This contention was rejected by our initial opinion.

plied the doctrine of *federal* harmless error. In *Neder* the Supreme Court was reviewing a federal court conviction, and of course in that context the federal harmless error doctrine was clearly applicable. The case before us is a state court conviction.

In *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), upon which *Neder* relies, the conviction being reviewed was a state court conviction. However, in that case federal constitutional issues were clearly involved, thus triggering federal harmless error considerations. To the same effect is *Pope v. Illinois*, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), also relied upon in *Neder*.

The issue before us involves Indiana common law as to the sufficiency of instructions. One might therefore question application of federal harmless error. Be that as it may, that question is answered by *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

In *Sullivan*, a state court conviction involved an instructional error concerning reasonable doubt. The federal harmless error standard was applied, however, because the instructional error violated the defendant's Sixth Amendment right to trial by jury. The instructional defect in the case before us was the failure to instruct as to the crucial element of mens rea. Accordingly, the federal constitutional right to trial by jury, as in *Sullivan*, was implicated.

Although I agree that we correctly applied the doctrine of federal harmless error, I deem the controlling precedent to be *Sullivan v. Louisiana* rather than *Neder v. United States*.