**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 11 2013, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DUSTIN JAMES MAHLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1208-CR-369 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas W. Webber, Senior Judge
Cause No. 45G01-1110-FD-237

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Dustin Mahler appeals his conviction for class A misdemeanor battery, arguing that the jury instruction on that offense omitted an element of the offense and that the omission constituted fundamental error. Concluding that fundamental error did not occur, we affirm.

**Facts and Procedural History**

On October 20, 2011, Mahler was an inmate at Lake County Community Corrections, where Richard Torres worked as a custody officer. Officer Torres's duties included watching the correctional center's video monitors and patrolling the facility. That day, Officer Torres was working his usual shift of 3:00 to 11:00 p.m. During his shift, Officer Torres observed on the video monitors a number of inmates coming out of a first floor room, which prompted him to take a walk through the facility. As Officer Torres walked past room 109, he saw Mahler slam the drawer on a locker. Officer Torres entered the room and opened the drawer, which held contraband. Officer Torres asked Mahler to open his locker, and Mahler complied. Officer Torres examined the interior of the locker. Officer Torres could not see what was on the top shelf of the locker, but he felt something and tried to retrieve it. Mahler tried to push Officer Torres's hand away and grab the item. When Officer Torres called for help, Mahler backed away.

Officer Torres got a milk crate to stand on to see what was on the top shelf of the locker. As he was standing on the crate and reaching for the object, Mahler pushed Officer Torres against the locker. Officer Torres yelled for help and told Mahler to back away, but Mahler kept pushing him and trying to move his hand. Mahler had his arm in Officer

2

Torres's and his elbow was pushing the officer against the locker. Two officers responded to Officer Torres's cries for help and observed that Officer Torres had red marks on his neck and face.

The State charged Mahler with class D felony battery.[1] At Mahler's trial, the trial court provided the jury with instructions defining both class D felony and class A misdemeanor battery. The jury found Mahler guilty of class A misdemeanor battery.

**Discussion and Decision**

Mahler asserts that the trial court's instruction defining class A misdemeanor battery failed to include an element of the offense resulting in fundamental error.[2]

> Fundamental error is error that represents a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process. The error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. In determining whether a claimed error denies the defendant a fair trial, we consider whether the resulting harm or potential for harm is substantial. The element of harm is not shown by the fact that a defendant was ultimately convicted. Rather, it depends upon whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled.

*Davis v. State*, 835 N.E.2d 1102, 1107-08 (Ind. Ct. App. 2005) (citations omitted) *trans. denied* (2006).

---

[1] The State also initially charged Mahler with class D felony criminal confinement but amended the charging information to remove that charge and to allege that Mahler was a habitual offender.

[2] Mahler waived his instructional claim by failing to object to the instruction at trial, and therefore he must establish fundamental error to obtain reversal of his conviction. *See Williams v. State,* 771 N.E.2d 70, 72 (Ind. 2002) ("A defendant who fails to object to the court's final instructions and fails to tender a set of instructions at trial waives a claim of error on appeal.").

Battery is defined in Indiana Code Section 35-42-2-1. Class B misdemeanor battery is a knowing or intentional touching of another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(a). Relevant to this appeal, the offense is elevated to a class A misdemeanor when it is committed against a law enforcement officer or employee of a penal facility *while the employee is engaged in the execution of the employee's official duty*. Ind. Code § 35-42-2-1(a)(1)(B), -(C).[3]

The trial court provided the jury with the following definition of class A felony misdemeanor battery:

> Before you may convict the defendant of Battery as a Class A misdemeanor, the State must have proved each of the following elements:
>
> 1)     The defendant
>
> 2)     knowingly or intentionally
>
> 3)     touched Correctional Officer Richard Torres, Sr.,
>
> 4)     in a rude, insolent or angry manner.

Appellant's App. at 96.[4]

Mahler contends that the instruction failed to inform the jury that the State was required to prove that Officer Torres was engaged in the execution of his official duty.

---

[3] If such a battery results in bodily injury, it is elevated to a class D felony. Ind. Code § 35-42-2-1 (a)(2).

[4] The jury instruction defining class D felony battery included all the elements of class A misdemeanor battery plus the elements that Officer Torres was engaged in the execution of his official duty and that the touching resulted in bodily injury to Officer Torres. Appellant's App. at 95.

Mahler argues that the omission constitutes fundamental error, citing our supreme court's statement in *Lacy v. State*, 438 N.E.2d 968 (Ind. 1982):

> Certainly appellant is correct in his assertion [that] the giving of an instruction detailing the elements of the offense, or defining or explaining its nature is necessary procedure in a criminal trial. … [W]e have no doubt *a total failure to give an instruction* detailing the elements of the offense would be available as reversible error on appeal absent compliance with the contemporaneous objection requirement.

*Id*. at 971 (emphasis added) (citations omitted).

*Lacy* is inapplicable because the court was not dealing with the type of instructional error before us. In that case, Lacy argued that fundamental error resulted from the trial court's failure to provide *any* instruction on the elements of the offense.[5] In the foregoing passage, the *Lacy* court was referring to a complete absence of any instruction providing the elements of the charged offense and noted that such a failure had not occurred in Lacy's trial because the instruction on the elements of the offense was given as a preliminary instruction. *Id*.[6]

Mahler's argument fails to acknowledge that Indiana courts have concluded that a jury instruction that omitted one of the elements of an offense did not constitute fundamental error when the omitted element was not a central issue at trial. *See Elliot v. State*, 450 N.E.2d

---

[5] Mahler's reliance on *Taylor v. State*, 922 N.E.2d 710 (Ind. Ct. App. 2010) *trans*. *denied*, is also misplaced. In *Taylor*, the jury did not receive any instruction on the elements of robbery, which was the offense underlying the felony murder charge. *Id*. at 716.

[6] Moreover in *Davis*, we noted that the *Lacy* court's comment regarding an absence of instruction on the elements of the offense resulting in reversible error was arguably dictum because the court did not have to consider whether fundamental error occurred. 835 N.E.2d at 1108 (citing *Elliot v. State*, 450 N.E.2d 1058, 1063 (Ind. Ct. App. 1983)).

1058, 1066-675 (Ind. Ct. App. 1983) (concluding that instructions on involuntary manslaughter that omitted proximate cause element did not constitute fundamental error where Elliot did not rely upon absence of proximate cause in his defense and there was no evidence that victim died as a result of anything other than the gunshot wound); *Swallows v. State*, 674 N.E.2d 1317, 1318 (Ind. 1996) (concluding that instructions that failed to advise jury that specific intent to kill is required to convict of attempted murder was not fundamental error where the intent of the defendant was not in issue) and cases cited therein; *Sanders v. Sate*, 764 N.E.2d 705, 711 (Ind. Ct. App. 2002) (same) *cert. denied*.

Here, the jury instruction defining class D felony battery included the element that Officer Torres was engaged in his official duty, but Mahler's defense did not touch on that element. Rather, Mahler's defense was that he lacked the intent to batter Officer Torres and that he did not cause Officer Torres bodily injury. Thus, the omitted element was not in issue at trial. Moreover, the evidence firmly established that Officer Torres was engaged in the execution of his official duty at the time Mahler assaulted him. *See Medina v. State*, 828 N.E.2d 427, 431 (Ind. Ct. App. 2005) ("'[r]eversal without any consideration of the effect of the error upon the verdict would send the case back for retrial– retrial not focused at all on the issue of [the excluded element], but on contested issues on which the jury was properly instructed.'") (quoting *Neder v. United States*, 527 U.S. 1, 15 (1999)), *trans. denied*. We conclude that the incomplete jury instruction defining class A misdemeanor battery did not result in fundamental error.

Affirmed.

MATHIAS, J., and KIRSCH, J., concur.